## Lithuanian Beneficial Association's Club Liquor License Case.

Argued December 9, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES and HIRT, JJ.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Peter P. Jurchak,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*Frank W. Coyne,* for appellee.

*Thomas R. Wickersham,* for amicus curiae.

PER CURIAM, January 30, 1941:

Under the Act of Assembly applicable,[1] it is provided in section 404, that on an appeal by an applicant to the court of quarter sessions from an order of the Liquor Control Board refusing to grant a license, and a decision by that court, sustaining the refusal of the board or ordering the issuance of a license, "There shall be no further appeal."

While an appeal from such an order of the court of quarter sessions to this court, being in the nature of a certiorari, cannot be *quashed,* our only province is to determine whether the court had jurisdiction and the proceedings were regular: *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213.

In *Grime v. Department of Public Instruction,* 324 Pa. 371, 375, 188 A. 337, which was quoted by us in the McGettigan case, the Supreme Court said: "Even if its [the lower court's] construction of the statute had been erroneous, it is the final court of appeal in such matters."

In the present case, the Court of Quarter Sessions of Lackawanna County had undoubted jurisdiction of the appeal, for it was specially conferred upon it by the Act of June 16, 1937, P. L. 1762. The proceedings were in all respects regular.

The court of quarter sessions, after a hearing, sustained the applicant's appeal and ordered the issuance of the license. The Liquor Control Board appealed. The appellant's only complaint is as to the lower court's construction of the Act of June 24, 1939 P. L. 806, 47 PS §744-1001, 1002, limiting the number of licenses for the retail sale of liquor, malt or brewed beverages to be issued by the Pennsylvania Liquor Control Board, under the Liquor Control Act of June 16, 1937, P. L. 1762, supra. But the lower court's construction of the statute is within the ruling of the Supreme Court in

---

[1] Act of June 16, 1937, P. L. 1762, 47 PS §744-1 et seq.

the Grime case, supra, and by the express language of the Act is not subject to review on appeal by this court. As stated in the opinion in the Grime case, "It [the court of quarter sessions] is the final court of appeal in such matters."

There is no merit in the Liquor Control Board's contention that the order of the court below should be reversed because that court had no authority to direct the board to issue a new retail license which the statute prohibits. That merely begs the question. The lower court construed the Act of 1939 as not prohibiting the issuance of this license. Whether that construction was right or wrong, the General Assembly has declared that *there shall be no further appeal* from the court's order; and we are bound to follow the interpretation of that language given to it by the Supreme Court.

The appeal will therefore be dismissed. In doing so we pass no judgment of affirmance or disaffirmance on the decision and order of the court below.

Appeal dismissed.