## Appeal of Red Rose Lodge No. 16, etc.

*W. Hensel Brown,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, for Liquor Control Board.

SCHAEFFER, P. J., November 28, 1941.—The Red Rose Lodge No. 16, Fraternal Order of Police, applied for a club retail dispenser license for premises located in West Hempfield Township, Lancaster County, Pa., which was refused by the Pennsylvania Liquor Control Board on October 3, 1941. The main reason was that the quota in that township or municipality was exceeded and that, therefore, the board was prohibited by the Liquor License Quota Act of June 24, 1939, P. L. 806, from issuing any new license for that municipality except for a hotel as defined in that act. Minor reasons for the refusal related to the application covering two separate buildings with no connection between them; failure to hold meetings in quarters occupied by the club; and the admission of associate members without written application, investigation, and ballot. The latter have been remedied. The controlling question before the court on this appeal is the construction of the Act of 1939, supra.

It is admitted by the applicant that the quota in this municipality is exceeded, but it is contended that clubs are exempt from both the quota and limitations of the Act of 1939.

The first part of section 2 of the Act of 1939, supra, provides that "No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs. . . ." Later in this same section it is provided:

". . . where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

In In re Application of Lakewood Club, Judge Samuel H. Humes, specially presiding in Wyoming County,

in interpreting the act in controversy, in an unreported opinion said:

"The first part of the section provides for a computation of a quota; the last part provides for a limitation of licenses when the quota has been exceeded. In the computation of the quota, licenses of restaurants, eating places, and some hotels are counted; and those of hotels within the definition of the Quota Act, and of clubs are not counted. When the quota thus computed is exceeded, no new licenses shall be granted except for hotels as defined in the act. Since hotels only are excepted, it follows that the limitation applies to restaurants, eating places, some hotels, and clubs."

Judge Sheely, in Country Club of Harrisburg, no. 342, January sessions, 1941, in his opinion said:

"By failing to include these words [and clubs] in the last sentence of section 2 which prohibits the grant of new licenses except for hotels, the only effect of inserting the words (in the first part of the section) was to exclude club licenses in determining whether the quota for any municipality had been filled."

In Pottstown Veterans Association License, 36 D. & C. 593, President Judge Knight of Montgomery County said:

". . . to hold that the words 'exclusive of licenses granted to hotels . . . and clubs', exempts clubs from any limitation, would, in our opinion, be contrary to the purpose and spirit of the act, and would be inconsistent with that portion of the section which provides that 'no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded.' "

In In re Appeal of Lithuanian Beneficial Assn., no. 284, May sessions, 1940, Judge Hoban, of Lackawanna County, takes the opposite view, stating that "the Legislature clearly intended to exempt clubs, as well as hotels, from any and all type of population restriction." He said in his opinion, inter alia:

"Suppose that the number of retail restaurant licenses, which are the only ones to be counted in ascertaining the restriction, falls below the authorized number by just one license. Under the act, there would then be nothing to prevent a hundred clubs in any municipality from applying for and receiving licenses, so long as in the meantime a new restaurant liquor license was not issued to bring the number up to the authorized limit. It is obvious that such a situation could not have been intended by the legislature, for under one set of circumstances there would be devised a very effective limitation of the number of club licenses to be issued, and under another and very possible set of circumstances there could be an unlimited number of licenses issued to clubs. If the legislature decided to limit the number of licenses to be issued to clubs, it could have said so in very plain language, just as it did in the case of retail restaurant licenses. Not having said so, and having in one part of the act said specifically that clubs were to be exempted from the license limitation, we are of the opinion that the legislature clearly meant that no restriction was to be placed on the issue of liquor licenses to bona fide clubs otherwise meeting the test of law and regulations."

The above hypothesis is justified in theory, but in the practical application of the act the contingency is not likely to arise because under section 6 (a) of the Beverage License Law of June 16, 1937, P. L. 1827, the Liquor Control Board "may, in its absolute discretion" grant new licenses to clubs. Similar discretionary authority is given to the board with respect to club liquor licenses. The Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 1, provides as to a liquor license that the board "in the case of a club, may, in its discretion, issue a license". The Lithuanian Beneficial Association's Liquor License Case, supra, was appealed to the Superior Court, 142 Pa. Superior Ct. 556, but in a per curiam opinion filed January 30, 1941, it is said (p. 559) :

"The lower court construed the Act of 1939 as not prohibiting the issuance of this license. Whether that construction was right or wrong, the General Assembly has declared that *there shall be no further appeal* from the court's order; and we are bound to follow the interpretation of that language given to it by the Supreme Court.

"The appeal will therefore be dismissed. In doing so we pass no judgment of affirmance or disaffirmance on the decision and order of the court below."

In In re License of I. B. P. O. E. of W., John F. Moorland Lodge No. 801, 42 D. & C. 222, Judge Wilson, presiding in Beaver County, in his opinion said (p. 228) :

"We are convinced that the Quota Act does not and was not intended to apply to clubs, and that, if 'club licenses' are included within its provisions, it is unconstitutional. . . ."

He stated that in his opinion the Quota Act of 1939 was passed because of the growth in the number of hotel and restaurant licenses to such proportions as "to constitute a social menace", and held that the act "in effect, only limits the number of new restaurant licenses".

It is apparent that the ambiguity of the 1939 act in question has led to conflicting lower court opinions. The result has been to create a controversial and uncertain status with regard to the real meaning or application of the act. It is the province of the legislature to remedy such an unsatisfactory situation, but what is the real purpose of this legislation? Is it intended to curb and limit restaurant licenses alone, or is it meant to restrict also the growth and number of clubs, especially the so-called one-man clubs, or is the act all-inclusive in its prohibition or limitation excepting only the class of hotels specifically defined in the act? In Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, 257, Keller, P. J., stated in his opinion that "The main purpose of the Act of June 24, 1939, was to limit the num-

ber of licenses *to be issued thereafter* . . . by the Liquor Control Board. . . . It is clearly a restrictive measure, applying to all licenses not issued by June 24, 1939; for the only exception to its scope and effect is, 'nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to *renew* or to *transfer existing* retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, *no new license,* except for hotels as defined in this act, *shall be granted* so long as said limitation is exceeded.' "

An attempt was made by the 1941 legislature to clarify or amend the Act of June 24, 1939, P. L. 806, by excepting only a "legitimate-purpose club" defined in the bill "as any club maintained and operated not for profit by a bona fide charitable, fraternal, beneficial, war veterans', firemen's or social organization, a country club, or a society or lodge which the Pennsylvania Liquor Control Board finds to have such a structure and mode of operation that clearly indicate the dominant purpose thereof as being other than the exercise of the license privilege." The Governor in vetoing the bill said, inter alia: "This definition may be said to include everything and exclude nothing. Under its terms almost any purpose would be a legitimate purpose, and virtually any kind of organization or club could qualify for licensure. Under such a definition the birth rate of one-man clubs would increase by leaps and bounds."

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, provides that "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions." If this cannot be done, then section 64 of the same act is applicable. It provides: "Irreconcilable Clauses in the Same Law.—Except as provided

in section sixty-three, whenever, in the same law, several clauses are irreconcilable, the clause last in order of date or *position* shall prevail." (Italics supplied.) See opinion by Judges Iobst and Henninger of Lehigh County in Ontario Tribe's License, 42 D. & C. 200. Applying these rules prescribed by the legislature in the interpretation of the Act of June 24, 1939, P. L. 806, the main purpose of the act as set forth in its title must be borne in mind. To exclude clubs from its limitations, except in determining the quota, would be repugnant thereto and to the plain and explicit language of the last clause of section 2 of the act.

This court is of the opinion that under the Liquor License Quota Act of June 24, 1939, P. L. 806, no new club retail dispenser license can be granted in the instant case.

The application is for what is commonly known as a beer license and not a liquor license. It was testified that the applicant wants to comply fully with the law. Accordingly, the court is basing its opinion solely on the legal phase of this case. In view of the court's conclusion on the legal question involved in this proceeding it is not necessary to pass upon any other question raised at the hearing de novo in this court.

And now, November 28, 1941, the order of the Pennsylvania Liquor Control Board refusing to grant a club retail dispenser license to petitioner is sustained and the appeal is dismissed at the cost of appellant.