## In re Nace-Kraft Post No. 255, etc.

*Robert H. Grim* and *Wilbur H. Van Dine*, for appellant.

*Martin F. Hatch*, for Liquor Control Board.

KELLER, P. J., February 7, 1944.—This is an appeal by the Nace-Kraft Post No. 255, The Citizens Association, Incorporated, from the order of the Pennsylvania Liquor Control Board refusing its application for a club liquor license. There are no facts in dispute. At the time of the hearing on the appeal, no testimony was offered, but stipulations as to the facts were submitted. These are, substantially, in accordance with the facts alleged in the appeal and it was mutually agreed between counsel for petitioner and the Special Deputy Attorney General for the Pennsylvania Liquor Control Board that the appeal might be disposed of by the court without taking any additional testimony.

Petitioner club-is a nonprofit corporation, organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, having been incorporated under a decree of the Court of Common Pleas of

Bucks County, dated November 24, 1941. On September 17, 1942, said petitioner club filed an application with the Pennsylvania Liquor Control Board, asking for the issuance of a club liquor license to said club for premises located in the Township of West Rockhill, Bucks County, Pa. On September 21, 1942, the club was notified that the quota of licenses in said municipality, as determined by the Liquor License Quota Act of June 24, 1939, P. L. 806, was exceeded. On November 12, 1942, a hearing upon said application was scheduled after notice to applicant, at which time neither applicant nor its counsel appeared to refute the objections raised by the Liquor Control Board. Thereafter, by correspondence between the board and applicant, all the objections were removed and eliminated, with the exception of its first reason assigned by the board viz: "The quota for the Township of West Rockhill is exceeded and the board is prohibited by Act No. 358 from issuing any new licenses, except for hotels for this municipality." Applicant has met all the physical and other requirements of the act of assembly pertaining to a club liquor license. The population of the Township of West Rockhill, according to the 1940 United States decennial census, is 1,645. The quota of licenses allowable for said township is two. The licenses in effect in said township at the time this application was presented numbered six, exclusive of clubs and hotels.

This appeal raises the single question of law whether the said Liquor License Quota Act of June 24, 1939, supra, comprehends club licenses and its determination depends upon the proper construction of said act, more particularly section 2, which provides as follows:

"No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclu-

sive of licenses granted to hotels, as defined in this act, and clubs; but at least one such license may be granted in each municipality, except in municipalities. where the electors have voted against the granting of any retail licenses. Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

The control and regulation of the manufacture, distribution, sale, and dispensing of alcoholic beverages is a matter peculiarly within the police power of the State and whether any license shall be granted and what license shall be granted are legislative questions and subject, at all times, to the control of the legislature. Prior to the passage of the Act of 1939, the issuance of licenses for the sale of alcoholic liquors and beverages was controlled and regulated by the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744-1 et seq., and the Beverage License Law of May 3, 1933, P. L. 252, as amended and reënacted by the Beverage License Law of June 16, 1937, P. L. 1827, 47 PS §84 et seq. While these acts had for their undoubted purpose the prevention of abuses of the privileges granted to licensees for the sale of liquor, neither of them contained any provisions as to the needs of the community to be served or regulating the number of licenses to be issued for any particular area. To correct the evils that resulted from the unrestricted issuance of licenses, the Liquor License Quota Act of 1939, supra, was passed.

We are in full accord with the opinions frequently expressed by the courts having occasion to pass upon this question that the liquor laws of this Commonwealth, as now in effect, leave much to be desired in order to overcome the deplorable conditions that have developed under the present system. That, however, is a legislative problem. It is particularly regrettable that these acts deny the right of appeal from the action of the courts of quarter sessions in granting or refusing a license save for an appellate review, by way of certiorari, on the questions of jurisdiction and the regularity of the proceedings: McGettigan's Liquor License Case, 131 Pa. Superior Ct. 280, 285; Lithuanian Beneficial Association's Club Liquor License Case, 142 Pa. Superior Ct. 556. As a consequence, there has been a sharp division of opinion among the lower courts upon the question whether the Act of 1939 prohibits the further issuance of club licenses where the quota has been exceeded, which has led to both confusion and dissatisfaction and has tended to unsettle the law in this regard.

The construction of this act was before this court soon after it became effective, in Appeal of Recreation Center Solidarity, Inc., no. 24, September term, 1939 (unreported), and we are on record as being one of the first of the courts of quarter sessions of the State to hold that the Act of 1939 prohibits the further issuance of club liquor licenses to bona fide clubs in a municipality where the quota for retail licenses is exceeded. In reaching this conclusion we followed the reasoning of Knight, P. J., in Pottstown Veterans Association License, 36 D. & C. 593. When the matter, now under consideration, was brought to our attention, we consented again to hear argument because of the numerous decisions rendered in the meantime.

The conclusion reached in the foregoing cases, that clubs are included within the prohibitory provisions of the Act of 1939, has been followed by a large number

of the courts throughout the State, including, inter alia, the following: Ontario Tribe's License (Lehigh), 42 D. & C. 200; Herbert Warriner Post No. 70's License (Philadelphia), 43 D. & C. 6; Appeal of Country Club of Harrisburg (Dauphin), unreported; Appeal of Red Rose Lodge No. 16, etc. (Lancaster), 43 D. & C. 204; Appeal of Polish National Alliance Lodge No. 2006, etc. (Venango), 43 D. & C. 337; Appeal of Lakewood Club (Wyoming), unreported; Bedford Lodge's License (Bedford), 43 D. & C. 714; Appeal of Fraternal Order of Orioles Chester Nest No. 158 (Delaware), 31 Del. Co. 78; In re Appeal of Societa' Di Mutuo Soccorso San Rocco (Philadelphia), 43 D.&C. 358; Seagrave Social Club's License (York), 37 D. & C. 575; Francesco Fiorentino-Concordia No. 454's License (Fayette), 44 D. & C. 29. In addition to these decisions is the opinion of Attorney General Reno, in answer to an inquiry from the chairman of the Pennsylvania Liquor Control Board under date of October 10, 1939, In re Club Liquor License Quota, 36 D. & C. 225, wherein he advised the board that it had no authority to issue and grant new licenses for the retail sale of liquor and malt or brewed beverages to a club applicant in a municipality wherein the number of such licenses outstanding, exclusive of hotels, as defined in the Act of June 24, 1939, P. L. 806, and clubs, exceeds that permitted by said act. Opposed to these interpretations of the act, a number of courts throughout the State have construed the act to be applicable only to restaurant or eating-house licenses and not to hotels, as defined in the act, or clubs. See Horton Township Sportsmen's License (Elk), Hipple, P. J., 41 D. & C. 261; In re License of I. B. P. O. E. of W., John F. Moorland Lodge No. 801 (Beaver), Wilson, J., 42 D. & C. 222; B. P. O. E. of Monongahela's License (Washington), 43 D. & C. 457; In re Chateau Post Liquor License (Allegheny), Ellenbogen, J., 90 Pitts. 215; Garrett Volunteer Fire Department's License (Somerset), 46

D. & C. 438; Appeal of Legion Home Association of Danville (Montour), 48 D. & C. 123; Appeal of Henry F. W. Johnson Assn. (Northampton), Laub, P. J.; Appeal of Portugal Athletic Club (Northampton), Barthold, J.; Appeal of Thomas P. Lambert Post No. 250, Veterans of Foreign Wars (Monroe), Shull, P. J., 49 D. & C. 281.

We have carefully studied all of the foregoing reported, as well as a number of unreported, opinions construing this act. All of them exhaustively discuss the many questions raised concerning the interpretation of said act pertaining to clubs. In our opinion the weight of these decisions is clearly to the effect that clubs are included within the prohibitory provisions of the act. While we have great respect for the opinions expressed by the courts who have ruled that the act does not apply to clubs, we are unable to agree with their reasoning and conclusions. In our opinion, in order to justify some of these decisions, it would be necessary to amend the prohibitory provisions of section 2 of the act by adding to the clause "except for hotels as defined in this act" the words "and clubs", which the courts are without power to do. See Appeal of Societa' Di Mutuo Soccorso San Rocco, supra, Francesco Fiorentino-Concordia No. 454's License, supra, and Appeal of Lakewood Club, supra. As was stated by the court in Ontario Tribe's License, 42 D. & C. 200, 205:

"The presence of the words 'and clubs' in the first clause and not in the last works to the detriment of appellant's case rather than to its advancement, for it shows that the legislature had club licenses under consideration and it must be presumed to have intended to exclude them from the computation of a quota and to include them in the prohibition against obtaining new licenses."

A number of the courts which have held that the act does not apply to clubs have referred to certain provi-

sions of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, in support of their interpretation of the act. Rules of interpretation should be resorted to only where the statute is ambiguous or the expressions used therein will bear two or more meanings. When the words of a law are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. It is only when the words of the law are not explicit that the intention of the legislature may be ascertained by considering other means of construction. Where the language and meaning are clear, the courts will not inquire whether the same reasons which compelled the legislature to amend the law would justify a broader interpretation. The hardship or equity of a case cannot override the plain words of a statute, but the legislature, not the court, must correct the evil: Statutory Construction Act, supra, sec. 51; Frost v. Metropolitan Life Ins. Co., 337 Pa. 537; Commonwealth v. Chester County Light & Power Co., 339 Pa. 97. Furthermore, with reference to the addition of words omitted, the court cannot, under its power of construction, supply omissions in a statute, especially where it appears that they may have been intentionally omitted, regardless of the fact that the omission in question was not foreseen or contemplated. It is only where the ordinary interpretation of the statute leads to consequences so dangerous and absurd that they could never have been intended that the court may adopt a construction from analogous provisions, and thus supply an omission: 59 C. J. 974, §576. We do not regard section 2 of the Act of 1939 as coming within this category. Although we concede that the Act of 1939 is poorly drawn, nevertheless, its purpose is clearly stated and, in our opinion, the language of the act is not only specific and unequivocal and free from ambiguity, but it is sufficiently clear that it is primarily intended to be a restrictive measure applicable to all licenses, except hotels as defined therein, and,

therefore, there is no need to nullify it or defeat this intent by indirection or implication. See Appeal of Fraternal Order of Orioles No. 158, 31 Del. Co. 78.

Some of the courts have stressed the fact that there are licenses of different classes available to restaurants and eating houses to which the act had reference, as distinguished from hotels and clubs. As we construe the act, the limitation provision contemplates all licenses, regardless of class, except hotels, as therein defined. In this we are supported by an opinion of the Superior Court in Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, which was an appeal from the refusal of an application for a restaurant liquor license, wherein Keller, P. J., after disposing of the question raised therein, says, at page 256 et seq.:

"Strictly speaking, the above ruling disposes of the case, but just as the Supreme Court, in the Grime Case, supra [Grime et al. v. Department of Public Instruction, etc., et al., 324 Pa. 371] (p. 378), in order 'to avoid further conflicts,' discussed the contention of the appellants, so here, in view of the fact that there are conflicting decisions in different courts of quarter sessions, we will give our reasons why we are in accord with the ruling of the court below."

In discussing the Act of 1939, after stating, inter alia, that it is clearly a restrictive measure, applying to all licenses not issued by June 24, 1939, and that a liquor license is not a property right but only a privilege which is subject at all times to the control of the legislature and may be taken away by the government authorities without compensation to the holder, he further says at page 260:

"We are satisfied that the Act of 1939, supra, means just what it says, viz., 'No licenses shall hereafter [that is, after June 24, 1939, see section 5] be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of

one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels as defined in this act, and clubs.' This is followed by a clause retaining to the board the right to *renew or transfer* retail licenses existing on June 24, 1939, notwithstanding that the number of such licensed places shall exceed the limit prescribed; and then it provides: 'but where such number [that is, of licenses existing on the date the act went into effect, June 24, 1939] exceeds the limitation prescribed by this act, *no new license*, except for hotels as defined in this act, *shall be granted so long as said limitation is exceeded.*' "

While we concede that this may be regarded as mere dicta, nevertheless, it reveals the reaction of that court as to the interpretation to be applied to the act in question, and we feel that the opinion of said appellate court, deliberately expressed, should be respected.

We will not pass upon the constitutionality of this act, inasmuch as it was not raised in the appeal or at the argument and for the further reason that this question would seem to have been fully disposed of in favor of its constitutionality by a number of the courts before whom it was raised, including Seagrave Social Club's License, supra, Francesco Fiorentino-Concordia No. 454's License, supra, and Kester's Appeal, 140 Pa. Superior Ct. 293, 297.

For the reasons herein stated and without any reflection whatsoever upon the fitness of the applicant in this petition or of the fitness or reputation of any of its members, a number of whom are known personally to the court, we are of the opinion that under the law, as it now stands upon our statute books, the limitation and prohibitory provisions of the Liquor License Quota Act of 1939 are applicable to clubs and, therefore, the action of the Liquor Control Board must be sustained and this appeal dismissed.

And now, to wit, February 7, 1944, it is ordered, adjudged, and decreed that the order of the Pennsylvania Liquor Control Board refusing the application for a new club liquor license to the Nace-Kraft Post No. 255, The Citizens Association, Incorporated, is sustained, and the appeal is dismissed at the cost of appellant.