Opinion by
 

 Keller, P. J.,
 

 We thought our opinion in
 
 Cheris’s Liquor License Case,
 
 127 Pa. Superior Ct. 355, 193 A. 162, made the position of this court sufficiently clear on the question whether the Liquor Control Board can lawfully refuse to issue a restaurant liquor license where there is a restriction in the deed to the property, on which the applicant proposes to operate his license, prohibiting its use for the manufacture or sale of intoxicating liquors. We held that such a restrictive covenant is reasonable and legal; that it runs with the land; that it is in the nature of an easement for the benefit of the holders of other lots in the plan, and that it was not affected by the fact that in violation of its provisions the applicant had sold beer on the premises for two years, under a license from the county treasurer, or under a prior license from the Liquor Control Board.
 
 (Raschiatore’s Appeal,
 
 23 Penna. D. & C. Rep. 315, cited with approval). We ruled that the force and effect of such a restriction was not invalidated or annulled by section 403 of the Liquor Control Act, which directs that the Board “shall grant and issue to the applicant a liquor license” when satisfied of the truth of the statements in the application, and that the applicant is a person of good repute and has complied with the other requirements of the act; and said, “The declared purpose of the act is to
 
 regulate and restrain
 
 the sale, traffic in and use of alcohol and alcoholic, malt
 
 *283
 
 and brewed liquors, not to
 
 promote and encourage
 
 their sale and use; and the statute declares (sec. 3) that it shall be interpreted as an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth. Certainly, the act exhibits no purpose or intent to strike down and render void covenants in deeds restricting or prohibiting the sale of intoxicating liquors, which our courts have upheld as reasonable and legal. Neither in the title nor in the body of the act is such an effect expressly given to its provisions, nor can it reasonably be implied. The statute is dealing in general terms with applicants, who, ordinarily, are not restricted or prohibited by covenants in their deeds from selling intoxicating liquors on their premises, and the mandatory word ‘shall’ relied on by appellant is necessarily limited to an applicant whose deed does not prohibit the sale of the liquors which he proposes to dispense under his license.” We thought we had made it clear that the Liquor Control Board may lawfully and properly refuse to issue or renew such a license where it is brought to their attention that the sale of alcoholic liquors on the premises is prohibited in a deed to the property for which the applicant desires a license, unless, we may add, the restriction has been relinquished by deed or the entire restrictive plan has been abandoned. See
 
 Benner v. Tacony Athletic
 
 Assn., 328 Pa. 577, 581, 196 A. 390. We now add that, in our opinion, it makes no difference that the owner of such a restricted property may have spent money in fitting it for use as a licensed restaurant under a prior license issued by the Board when the latter had no knowledge of the restrictive covenant in the deed, or that a renewal license, instead of an original one, is applied for.
 

 It is our judgment that the orders of the court below, appealed from in these cases, run counter to our opinion
 
 *284
 
 in the Cheris case. This was probably due to a misapprehension as to the facts in the Cheris case, which was innocently contributed to by the attorney representing the Liquor Control Board in the court below.
 

 If it lay in our power we would reverse the orders and sustain the Board in its refusal of these licenses. But section 404 of the Liquor Control Act
 
 [1]
 
 provides that “there shall be no further appeal” from the order of the court of quarter sessions. In
 
 Revocation of Mark’s License,
 
 115 Pa. Superior Ct. 256, 176 A. 254, where we were considering section 13 of the Beverage License Law of May 3, 1933, P. L. 252, relating to the revocation and suspension of licenses by the court of quarter sessions, which contained the provision, “The action of the court in suspending or revoking a license shall be final,”
 
 [2]
 
 we were of the opinion that notwithstanding the provision above quoted, an appeal in the nature of a ‘certiorari’ would lie in order that this court, under its general supervisory powers on certiorari, might inspect the whole record with regard to the regularity and propriety of the proceedings, to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion; and that under the Act of April 18, 1919, P. L. 72, we might examine the evidence in the record to test the right of the court to make the order complained of — not “to weigh conflicting evidence, but to determine whether the order appealed from is supported by any evidence and whether the court or judge had jurisdiction to do the act complained of.” This opinion was based on four decisions of the Supreme Court of this
 
 State,
 
 — Hand’s
 
 Case,
 
 266 Pa. 277, 280, 281, 109 A. 692 (Simpson, J.), which was concerned
 
 *285
 
 with the Act of June 8, 1907, P. L. 469, sec. 13, p. 481;
 
 Bedford v. Rosser,
 
 283 Pa. 345, 347, 348, 129 A. 92 (Sadler, J.), which dealt with the Acts of March 31, 1876, P. L. 13, sec. 7, p. 15; April 4, 1907, P. L. 58, sec. 3, p. 59;
 
 Sterrett v. MacLean,
 
 293 Pa. 557, 560, 561, 143 A. 189 (Frazer, J.), which construed the Act of March 31, 1876, supra;
 
 Walker’s App.,
 
 294 Pa. 385, 390, 144 A. 288 (Walling, J.), which likewise construed the Act of March 31,1876, supra. To these may be added,
 
 Twenty-Eighth Cong. Dist. Nomination,
 
 268 Pa. 313, 321, 112 A. 74 (Simpson, J.), which dealt with the Act of July 12, 1913, P. L. 719, sec. 15, as amended by Act of July 9, 1919, P. L. 839, p. 852, 854. In every one of the statutes considered and passed upon in those decisions there was an explicit provision that “no appeal shall be allowed,” or that the order or decision of the court shall be “final” or “final and conclusive”; and yet the expressions used in our opinion were taken from those opinions, and in all five of them the order of the court below was
 
 reversed
 
 by the Supreme Court although jurisdiction had been expressly committed to the lower court by the act under consideration.
 

 Since our opinion in
 
 Revocation of Mark’s License,
 
 supra, was handed down the Supreme Court has made it plain in several decisions
 
 (Crime v. Dept. of Public Instruction,
 
 324 Pa. 371, 375, 188 A. 337 — Kephart, C. J.;
 
 In re Incorporation of Elkland Leather Workers’ Assn.,
 
 330 Pa. 78, 198 A. 13 — Per Curiam;
 
 State Board of Undertakers v. Frankenfield,
 
 329 Pa. 440, 198 A. 302, — Barnes, J.), that where the statute expressly denies an appeal from the order of the court below or it is provided that the action of the court below shall be final, appellate review, by way of certiorari, will be limited to the question of jurisdiction and the regularity of the proceedings. In the Grime case Chief Justice Kephart said, “Even if its [the lower court’s]
 
 *286
 
 construction of tlie statute had been erroneous, it is the final court of appeal in such matters.”
 

 This clear and definite ruling of the Supreme Court cannot be misunderstood. It blazes an easily followed path between former apparently conflicting decisions. Incidentally also, it relieves us of much labor and responsibility, for as jurisdiction has been expressly committed by the legislature to the court of quarter sessions, by providing for an appeal from the Liquor Control Board .to it, and the statute declares that there shall be no further appeal from the action of the court in granting or refusing a license, an appeal to this court from such action is futile, for if limited to the question of the jurisdiction of the court of quarter sessions, the appeal might as well not be taken, since it undoubtedly has jurisdiction.
 

 The effect of this provision of the statute will be to do away with uniformity of decision on this important matter, for no court of quarter sessions is
 
 bound
 
 by the decision of another court of equal authority. The decision may be persuasive but it is not of binding authority. That, however, is a matter for the legislature, not for us. Our duty is to follow the law as it is laid down for us.
 

 Accordingly the appeals are severally dismissed.
 

 No. 22 October Term 1938. Appeal dismissed.
 

 No. 23 October Term 1938. Appeal dismissed.
 

 [1]
 

 Act of November 29, 1933, Sp. Session, P. L. 15, as amended by Acts of July 18, 1935, P. L. 1246, and June 16, 1937, P. L. 1762.
 

 [2]
 

 Eliminated in the amending act of July 18, 1935, P. L. 1217; now further amended by Act of June 16, 1937, P. L. 1827.