## Wilson Liquor License Case.

Argued September 29, 1944. Before KELLER, P. J., RHODES, HIRT, RENO and JAMES, JJ. (BALDRIGE, J., absent).

*Samuel Wilson,* for appellant.

*Henry A. Frye,* with him *Merritt H. Davis,* for intervenor.

OPINION BY RHODES, J., March 5, 1945:

The Pennsylvania Liquor Control Board refused appellant's application for renewal of his restaurant liquor license in the Borough of Strattonville, Clarion County, on June 5, 1944. The specific reason given for the

board's action was that the electorate of that borough had cast a majority vote against the issuance of retail liquor and malt beverage licenses in that municipality. Hearing before the board was waived, and on appeal to the court below his contention was that the referendum election held September 14, 1943, on the question of local option in the Borough of Strattonville was illegal and void; and he assigned a number of reasons in support of his position. The court below dismissed his appeal, and from that order the matter has come to us. Appellee was permitted to intervene.

Section 404 of the Act of November 29, 1933, Sp. Sess., P. L. 15, as amended, 47 PS §744—404, authorizes appeals to the court of quarter sessions from orders of the Pennsylvania Liquor Control Board refusing the issuance or transfer of a liquor license; and this section further provides: "There shall be no further appeal." We have held, in construing this section, that any appeal to this court from the action of the court of quarter sessions on such appeal is a certiorari in its strictest and narrowest sense, and our appellate review is limited to questions of jurisdiction and those relating to the regularity of the proceedings. *Shaheens' Liquor License Case,* 145 Pa. Superior Ct. 5, 7, 20 A. 2d 919. And, as said in *Grime et al. v. Department of Public Instruction et al.,* 324 Pa. 371, 378, 188 A. 337, 340: "Even if its [the lower court's] construction of the statute had been erroneous, it is the final court of appeal in such matters."

The extent of our review has not been questioned in the present appeal. This court and the Supreme Court have considered and decided such cases on the merits where the question of jurisdiction was not raised. *Harper's Appeal,* 150 Pa. Superior Ct. 569, 29 A. 2d 236, and *Kittanning Country Club's Liquor License Case,* 330 Pa. 311, 198 A. 91.

Without deciding whether our review is limited in such cases, by virtue of section 404 of the Liquor Control Act, supra, 47 PS §744—404, even where the ques-

tion has not been raised, we are of the opinion that the appeal must be dismissed.

There was no material irregularity in the conduct of the election or material deviation from the statutory requirements which would render the special election invalid.

The alleged irregularities of which appellant complains, if accepted as having occurred, are trivial and inconsequential, and would not justify any court in nullifying the election. No fundamental preliminary to the election had been ignored as in the *Harper* case, supra, 150 Pa. Superior Ct. 569, 29 A. 2d 236, where there was a failure to give the prescribed notice; and there was no material deviation from any other statutory requirement which would have been fatal to the validity thereof as in the *Kittanning* case, supra, 330 Pa. 311, 198 A. 91, where there was a defective ballot— a deviation from the statutory form prescribed.

We have found no absence of "matters essential to the free expression of the will of the voters" (*Kittanning Country Club's Liquor License Case*, supra, 330 Pa. 311, 318, 198 A. 91); and we find nothing to indicate that there was not "a fair election and an honest return" (*Oncken et al. v. Ewing*, 336 Pa. 43, 48, 8 A. 2d 402).

However, we shall briefly consider the alleged errors and defects enumerated in appellant's argument.

(1) Petitions for referenda. Appellant complains that they show no date when they were filed in the office of the county commissioners, and that there is a typographical error in the affidavits. There was testimony that they were filed on July 15, 1943, and executed on the same date. We agree with the court below that they were in proper form and were duly filed.

(2) Resolution of the board of county commissioners. Even if no formal resolution had been placed upon the minutes pursuant to the petitions, the commissioners

(County Board of Elections) proceeded as if such a resolution had been adopted and duly entered.

(3) Notice of the special election. The special election was advertised in two papers of general circulation in the county once a week for two successive weeks more than ten days immediately prior to the date when it was held. Appellant does not point out that the notice deviated from the statutory requirement in any respect. In *Harper's Appeal,* supra, 150 Pa. Superior Ct. 569, 29 A. 2d 236, there was an entire failure to give the statutory notice, and this we held rendered the special election invalid.

(4) Appellant's argument that the specimen ballots were defective in that they had no perforated corners and were not numbered is without merit. The court below found the specimen ballots met all the requirements of the law.

(5) Election officers. Appellant argues that the election board had not been elected in accordance with article 8, §14, of the Constitution of Pennsylvania. In any event, the judge of election and inspectors were officers de facto, and the election would not be invalidated by the fact that the election officers who conducted the election may not have been election officers de jure. *Krickbaum's Contested Election,* 221 Pa. 521, 70 A. 852.

(6) Recount. Upon petition, a recount of the votes was made on the local option referenda. The return of the election board and the return of the computation board showed a majority against granting liquor and malt beverage licenses. Appellant complains that there was not a second recount. We find no ground for such a contention and the criticism of the attitude of the election board is without any foundation.

A further discussion of the objections raised by appellant would serve no purpose. This is a case where the statement of Mr. Justice STERN, speaking for the Supreme Court, in *Oncken et al. v. Ewing,* supra, 336 Pa. 43, 47, 48, 8 A. 2d 402, is most applicable.

Appeal is dismissed, at the cost of appellant.