## Kimmell Liquor License Case.

Argued October 26, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Harry C. James,* for appellant.

*John H. Jordan,* for intervenors.

60

OPINION BY RENO, J., March 5, 1945:

During 1943, and before, appellant held a retail liquor license in East St. Clair Township, Bedford County. On September 14, 1943, at a special election under the Liquor Control Act of June 16, 1937, P. L. 1762, §501, 47 PS §744-501, the electors of the township voted against the granting of liquor licenses in that territory. The Liquor Control Board, solely because the district had thus become dry, refused to issue a license to appellant for 1944. She appealed to the court below, where appellees were permitted to intervene, and there she raised the sole question whether the notice of the special election was timely and sufficient. That court dismissed her appeal, and she brought her case here.

Following the cited Act, the special election was held on the date of the primary election. The only notice of the special election was contained in the county commissioners' proclamation of the primary election which was published twice a week in two newspapers about seven weeks before the election. After announcing the date of the primary, and that the election for the nomination of candidates for designated county and township officers would be held at the usual polling places, the proclamation continued: "The Question of Local Option in the following Boroughs and Townships is also to be voted on at the coming Primary, both as regards Liquor and Malt Beverages in each instance: Bedford Borough, Bedford Township, East St. Clair Township, Everett Borough, Hyndman Borough, and Napier Township." No other or further notice was published, and, relying upon *Harper Appeal,* 150 Pa. Superior Ct. 569, 29 A. 2d 236, appellant contended that the election was invalid because a further notice, required by the Election Code of June 3, 1937, P. L. 1333, §1201, 25 PS §3041, was not published "at least ten days" before the election, that is, "once a week for two successive weeks immediately

prior" to the election. She also contended that the notice was insufficient because the language, "the question of local option", did not properly describe the matter or question to be voted upon.

The court below distinguished the *Harper* case, because in that case there was an entire failure to give notice, the primary election proclamation containing only a provisional notice of possible local option referenda without naming townships or municipalities, while in this case the proclamation did constitute a specific and positive notice of the fact that elections would be held in certain designated districts. **It also distinguished** *Kittanning Country Club's Liquor License Case,* 330 Pa. 311, 198 A. 91, since there the election was invalidated because it was conducted upon a defective ballot. Relying principally upon *Oncken v. Ewing,* 336 Pa. 43, 47, 8 A. 2d 402, the court held that, since there was actual although premature notice of the election, and since the East St. Clair Township election was attended by a larger proportion of electors than in districts not voting upon local option, indicating that the electorate had real knowledge of and active interest in the election, there were no "circumstances of the most compelling nature" requiring it to invalidate the election.

However that may be, our power to determine the merits of the controversy has been foreclosed by appellees' successful challenge to the jurisdiction of this Court. The Liquor Control Act, supra, §404, 47 PS §744-404, provides for appeals to the court of quarter sessions from the refusal of the board to grant, renew or transfer a liquor license and further provides: "The court shall hear the application de novo at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain the refusal of the board or order the issuance of the license to the applicant. *There shall be no further appeal.*" (Italics supplied). Following *Grime v. Department of Public Instruction,*

324 Pa. 371, 188 A. 337, and other cases, this Court has held, construing the cited section, that on appeals involving refusal by the board to grant, renew or transfer a license our review is upon certiorari and is limited to an inspection of the record to determine only whether the court below had jurisdiction and the regularity of its proceedings. *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213; *Spankard's Liquor License Case,* 138 Pa. Superior Ct. 251, 10 A. 2d 899; *Kester's Appeal,* 140 Pa. Superior Ct. 293, 14 A. 2d 184; *Lithuanian Beneficial Association's Club Liquor License Case,* 142 Pa. Superior Ct. 556, 17 A. 2d 912; *Shaheens' Liquor License Case,* 145 Pa. Superior Ct. 5, 20 A. 2d 919. See also *First Baptist Church of Pittsburgh v. Pittsburgh,* 341 Pa. 568, 20 A. 2d 209. It is true that in *Harper Appeal,* supra, and *Kittanning Country Club,* supra, the merits of the cases were considered and decided by this and the Supreme Court. But in those cases our jurisdiction was not questioned.[1] Here it has been specifically raised and we are bound to respond to appellees' demand, and confine our decision within the limits of our jurisdiction. After all, the judicial function is as well performed when courts decline ungranted jurisdiction as when they exercise properly that which the law confers upon them. *Ex parte McCardle,* 7 Wall. 506, 19 L. Ed. 264. If it is thought that further appellate review should be allowed, an application to the legislature for a revision of the law is the proper remedy.

Confining our decision to the realm of our legal competence, we have examined the record and have found that the court below possessed jurisdiction and that the proceedings therein were regular.

Appeal dismissed.

---

[1] In *Wilson's Liquor License Case,* 157 Pa. Superior Ct. 55, 41 A. 2d 445, the question was not raised by appellee.