## Meetish Liquor License Case.

Argued September 29, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*James J. Ligi,* with him *Jenkins & Ligi,* for appellant.

*Joseph S. Needle,* with him *Needle, Needle & Needle,* for appellee.

Opinion by Arnold, J., November 12, 1947:

Michael Meetish made an application to the Liquor Control Board for the transfer to him of a retail restaurant liquor license held by Chester Prusiensky; a transfer from person to person at the same location. The board refused the transfer and Meetish appealed to the Court of Quarter Sessions of Lackawanna County, and Chester Prusiensky intervened. After full hearing the court sustained the appeal and directed the license to issue and the intervenor appealed.

Section 404 of the Pennsylvania Liquor Control Act of 1933, P. L. 15, as reënacted, (47 PS 744-404) now provides: "The court shall hear the application de novo at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain the refusal of the board or order the issuance of the license to the applicant. *There shall be no further appeal.*" (Emphasis supplied.) Since the statute denies an appeal, our review by way of certiorari is limited to the question of jurisdiction and to the regularity of the proceedings, i. e., a certiorari in the narrowest sense: *Blair Liquor License Case,* 158 Pa. Superior Ct. 365, 45 A. 2d 421; *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 285, 200 A. 213; *Kimmell Liquor License Case,* 157 Pa. Superior Ct. 59, 41 A. 2d 436.

In relation to courts, the words "jurisdiction" and "power" are not interchangeable: *Hellertown Borough Referendum Case,* 354 Pa. 255, 259, 47 A. 2d 273. In *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 184 A. 286, President Judge Keller said (p. 547) : "The test of jurisdiction is whether the court has the power to enter on the inquiry; not whether it can, in the circumstances here present, legally revoke the license."

The appellant fails to point out any irregularity in the record, and we find none. Appellant's contention is that the board properly refused the transfer because Chester Prusiensky did not join therein. But the court of quarter sessions held that he covenanted in his lease

with Meetish to transfer the license to the latter, and therefore consented. Appellant also suggests that Meetish had filed a bill in equity in the court of common pleas against Prusiensky, requiring him to execute an application to transfer the license, and that this case is still pending, although appellant concedes that a nisi decree in favor of the plaintiff and against the defendant was entered. The learned president judge of the court of quarter sessions was also the president judge of the court of common pleas, and in his opinion and order stated that "the proceeding in equity settled the question of title." The appellant does not print the equity proceedings which he offered in evidence in the instant case.

Appeal dismissed.