# Independent Order of Sons of Italy Club Liquor License Case.

Argued October 16, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*Anthony Cavalcante,* for appellant.

*Horace A. Segalbaum,* Deputy Attorney General, with him *Andrew G. Uncapher,* Special Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellee.

*Thomas H. Hudson, Jr.,* with him *Hudson & Hudson,* for intervenor.

PER CURIAM, November 12, 1947:

Appellant, an incorporated society, applied to the Liquor Control Board for a transfer of its club liquor license to its new premises at Gallatin and Lincoln Streets, in the City of Uniontown, Fayette County, Pennsylvania. The board refused the transfer on the ground the premises were located within three hundred feet of St. Paul's Evangelical Lutheran Church. See section 403 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended, 47 PS §744-403. On appeal to the Court of Quarter Sessions of Fayette County, the matter was heard in the first instance by one of the judges of that court, who reversed the board on the ground that the premises in question were in fact over three hundred feet from the church, hence there was no basis for any exercise of discretion by the board and it had no authority to refuse the transfer.

Exceptions to the order were filed by representatives of the church. The court in banc found the distance from the church to appellant's building to be two hundred and four feet, and sustained the refusal of the board to transfer the license.

On appeal to this Court, appellant has presented a number of contentions; they do not reveal any lack of jurisdiction on the part of the court of quarter sessions or any irregularity in the proceedings.

We have no alternative but to dismiss the appeal. The applicable principles are well settled. Section 408 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended, 47 PS §744-408, provides that the action of the court of quarter sessions on appeals from the order of the board refusing the transfer of a license shall be final. We have held repeatedly that on appeals involving refusal by the board to grant, renew, or transfer a license our review is in the nature of a narrow certiorari and is limited to the question of jurisdiction and regularity of the proceedings. *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 285, 200 A. 213; *Spankard's Liquor License Case,* 138 Pa. Superior Ct. 251, 256, 10 A. 2d 899; *Kimmell Liquor License Case,* 157 Pa. Superior Ct. 59, 62, 41 A. 2d 436; *Blair Liquor License Case,* 158 Pa. Superior Ct. 365, 45 A. 2d 421; *O'Donnell v. Pennsylvania Liquor Control Board,* 158 Pa. Superior Ct. 533, 534, 45 A. 2d 369.

We do not review the evidence in order to determine whether the court below or the board was guilty of abuse of discretion. It is clear that the court of quarter sessions had jurisdiction, it being expressly conferred by statute, and that the proceedings were regular. *Kimmell Liquor License Case, supra,* 157 Pa. Superior Ct. 59, 62, 41 A. 2d 436; *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 547, 184 A. 286; *Masefield v. Masefield,* 159 Pa. Superior Ct. 6, 8, 46 A. 2d 329.

We may add that where, as here, there are several judges constituting the court of quarter sessions, the opinion of the majority is the ruling of the court. *Myers v. Consumers' Coal Co.,* 212 Pa. 193, 200, 61 A. 825; *In re McCormick's Contested Election,* 281 Pa. 281, 285, 126 A. 568. Cf. *Thomas et al. v. Waters et al.,* 342 Pa. 125, 18 A. 2d 872. The representatives of the church had a right to appear and to be heard in the court below. The action of that court gave protestants no higher status than that to which they were entitled. *Weinstein*

*and Murman's Liquor License Case,* 145 Pa. Superior Ct.
476, 480, 21 A. 2d 431; *Seitz Liquor License Case,* 157
Pa. Superior Ct. 553, 555, 43 A. 2d 547. Appellant's
assignments of error are without merit.

Appeal is dismissed.