Voiture Locale No. 462 La Societe des 40 Hommes
et 8 Chevaux Liquor License Case.

Argued April 15, 1948. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Russell M. Orcutt,* with him *S. Y. Rossiter, Louis R.
Benacci* and *Robert N. Spaeder,* for appellants.

*Samuel J. Roberts,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellee.

*Louis Geo. Feldman,* for Veterans of Foreign Wars of the United States, amicus curiæ.

PER CURIAM, July 23, 1948:

These three appeals are from orders of the court below sustaining the refusal of the Liquor Control Board to issue club liquor licenses. After hearing, appellants' applications for club liquor licenses in the City of Erie were refused by the board. On appeal to the Court of Quarter Sessions of Erie County and after hearing, the orders of the board were sustained and the appeals were dismissed. From the orders appellants appealed to this Court. All of the appeals will be disposed of in one opinion, as the same situation exists in each case, and as the question involved is common to all.

Appellants contend that the court below should be reversed for the reason that it did not follow its previous decisions construing the Act of June 24, 1939, P. L. 806, 47 PS §744-1002, and now holds that the Act of 1939 prohibits the issuance of these licenses as the limitation prescribed by the Act has been exceeded.

Section 404 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reenacted and last amended by the Act of May 27, 1943, P. L. 688, 47 PS §744-404, provides in part as follows: "Any applicant who has appeared before the board, or any agent thereof, at any hearing as above provided, who is aggrieved by the refusal of the board to issue a . . . club liquor license . . ., may appeal within twenty days from date of refusal to the court of quarter sessions, . . . [of] the county in which the . . . club is located. . . . The court shall hear the application de novo at such time as it shall fix, of which notice shall be given to the board.

The court shall either sustain the refusal of the board or order the issuance of the license to the applicant. There shall be no further appeal."

As these appeals involve refusals by the board, sustained by the court below, to grant club licenses to appellants, our review is in the nature of a narrow certiorari and is limited to the questions of jurisdiction and regularity of the proceedings. The jurisdiction of the court below is not questioned, and we find no irregularity in the proceedings. See *Independent Order of Sons of Italy Club Liquor License Case,* 161 Pa. Superior Ct. 448, 55 A. 2d 546; *Meetish Liquor License Case,* 161 Pa. Superior Ct. 468, 55 A. 2d 770. Appellants' complaints relate to the construction of the Act of 1939 known as the "Quota Act." Assuming, as appellants contend, that the court below did not adhere to its previous decisions in construing the Act, its present construction is not subject to review on appeal to this Court. As we said in *Lithuanian Beneficial Association's Club Liquor License Case,* 142 Pa. Superior Ct. 556, 559, 17 A. 2d 912, whether the construction is right or wrong, the General Assembly has declared that there shall be no further appeal from the court's order. See *Kaufman Construction Co. v. Holcomb et al.,* 357 Pa. 514, 518, 55 A. 2d 534.

In *Grime et al. v. Department of Public Instruction et al.,* 324 Pa. 371, 378, 188 A. 337, 340, which involved an appeal from order of the Court of Common Pleas of Dauphin County affirming the action of the State Board of Undertakers in refusing a license under the Act of June 10, 1931, P. L. 485, 63 PS §478a et seq., which provided that the action of that court shall be final (section 10, 63 PS §478j), the Supreme Court said: "Even if its [the lower court's] construction of the statute had been erroneous, it is the final court of appeal in such matters." See, also, *Beatty v. State Board of Undertakers,* 352 Pa. 565, 566, 43 A. 2d 127; *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213.

246

Appeal No. 160, April Term, 1948, in the matter of the application of Voiture Locale No. 462 La Societe Des 40 Hommes et 8 Chevaux, is dismissed.

Appeal No. 158, April Term, 1948, of Oakley K. Cobb Post 567 American Legion, is dismissed.

Appeal No. 157, April Term, 1948, of the Orville H. Frank Post Association, is dismissed.