## Azarewicz Liquor License Case.
## Dorranceton Methodist Church of Kingston Appeal.

460

Argued March 2, 1948; reargued September 30, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (FINE, J., absent).

*Ben R. Jones, Jr.,* with him *Henry A. Gordon* and *Bedford, Waller, Jones & Darling,* for appellant.

*Roy B. Pope,* with him *John M. Dudrick,* for appellee.

*Horace A. Segelbaum,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, submitted a brief for Pennsylvania Liquor Control Board, under Rule 61.

OPINION BY ARNOLD, J., November 9, 1948:

Albert Azarewicz applied to the Liquor Control Board for a restaurant liquor license for premises in Kingston, Pennsylvania. The board found as a fact that "the establishment [sought to be licensed] is located within 300 feet of the Dorranceton Methodist Episcopal Church, which institution has objected to the granting of the license". Exercising the discretion vested solely in it, where the place proposed to be licensed is within 300 feet of a church (§403 of the Liquor Control Act, 47 PS §744-403), the board refused the license. No court on appeal has power to review that discretion, except upon making new and different findings of fact.

The applicant appealed to the court of quarter sessions, which *confirmed* the findings of the board but ordered the license to issue. Thus the court below substituted its discretion for that of the board. The church appealed to this Court.

Since the statute provides that the board may refuse a license for premises within 300 feet of a church, the legislative intent is clear that a church has a direct interest to protect and to be protected, and was given a status above and different from that of a remonstrant. It is undoubtedly a party aggrieved by the order of the court below. The statute recognizes that it is actuated by considerations in the public interest, and not by motives of individual advantage; and it stands in an entirely different position from that of a mere resident.

The Liquor Control Act having denied an appeal, our review is, of course, on a narrow certiorari,[1] and is limited to the question of jurisdiction and the regularity of the proceedings. See the comprehensive review of Justice STERN in *Kaufman Construction Company v. Holcomb et al.*, 357 Pa. 514, 517, 55 A. 2d 534, citing *Grime et al. v. Department of Public Instruction of Commonwealth of Pennsylvania*, 324 Pa. 371, 188 A. 337. By

---

[1] *Independent Order of Sons of Italy Club Liquor License Case*, 161 Pa. Superior Ct. 448, 55 A. 2d 546.

a long line of decisions we have held that the proceedings are irregular where, *on a matter within the board's discretion,* the court of quarter sessions, without making specific and different findings of fact, undertakes to alter, change or rescind the discretion exercised by the board,—usually a penalty imposed: *Appeal of East End Ex-Service Men's Association,* 162 Pa. Superior Ct. 512, 58 A. 2d 194, and the cases cited therein.

Where, under the facts found, there is no latitude of decision, we cannot correct errors in law. A different situation is presented where, as here, under the facts found, a *discretion* is to be exercised as to what the decision shall be. The facts being here admitted, and the statute vesting in the board the sole discretion, under the facts found, either to grant or to refuse the license, these proceedings were irregular, unless some factor gave to the court below that which it clearly did not possess, i.e., a discretion to grant or refuse the license; and we must reverse unless the court below regularized them.

The attempt to make the proceedings regular consisted only in the court's promulgation of an error. Since it did not possess the discretion to grant or refuse the license, it could not obtain it by making a mistake. The court, in spite of the Act, held that the board had *no* discretion, but was compelled to issue the license. To rationalize this the court said that the applicant had a malt or brewed beverage license in the same premises,[2] (which was true), and that the instant application was not for a *new* license, but in substitution or exchange of one type of license for another.

In *Kester's Appeal,* 140 Pa. Superior Ct. 293, 14 A. 2d 184, we said: "The respective licenses authorized by the several statutes are different and distinct, and *transfers or exchanges from one kind of license to the other are not contemplated, except on the basis of new applica-*

---

[2] Issued prior to the 1937 reënactment and amendment to §403.

*tions, which are subject to the limitations prescribed by the Act. . . .* See Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, 10 A. 2d 899." (Emphasis supplied.) Nowhere in the Liquor Control Act is there authority for the proposition that one type of license may be *exchanged* for another.

The commission of an error obviously neither added to nor detracted from the proceedings. The proceedings could neither be vitiated nor changed by the addition of nothing. The error was simply a nullity. The proceedings of the court below remained irregular in spite of it.

The doctrine now enunciated is not contrary to anything said in *Grime et al. v. Department of Public Instruction of Commonwealth of Pennsylvania*, 324 Pa. 371, 188 A. 337, in which an administrative body held that it had no power to issue an undertaker's license, and the court of common pleas, on appeal, affirmed the board. In the instant case our holding is but to the effect that, where a discretion is vested *exclusively* in the administrative tribunal (and not in the courts), on appeal, the court below cannot substitute its discretion for that of the board by the promulgation of an erroneous rule of law. To do so is but a negation of the law, which the appellee here clearly recognized by the statement that this Court could not reverse even if the court below had held, in the teeth of the statute, that the board had *no* discretion. It is unfortunate that in certain classes of cases, including those involving liquor, greater objectivity is not attained by reviewing courts. We add that we are, of course, familiar with the fact that in the liquor penalty cases, the statute is silent as to an appeal from the court, and that this permits a broader review. But we also hold that on the narrow certiorari, where the sole discretion is vested in an administrative body, the court below cannot reverse this discretion by promulgating a clear error of law, and if attempted it is reviewable by this Court on a narrow certiorari, for the record is not regular. It must also be realized that under the

statutory provision this Court "may affirm, reverse, amend or modify any order, judgment or decree as it may think to be just. . . ." (Act of June 24, 1895, P. L. 212, § 8, par. 8, 17 PS § 192). This is the same statutory declaration as that pertaining to the Supreme Court (Act of June 24, 1895, P. L. 212, § 9, par. 4, 17 PS §195).

The order of the court below is reversed at the cost of the appellee; the order of the Pennsylvania Liquor Control Board is reinstated, and the restaurant liquor license of the applicant is cancelled. The applicant's malt or brewed beverage license is restored.

RENO and ROSS, JJ., filed dissenting opinions. FINE, J., did not participate in the decision of this case.

---

DISSENTING OPINION BY RENO, J.:

I am convinced the court below committed error, and I regret that this Court does not possess power to correct it. But, in this category of cases, the law has constituted the quarter sessions the court of last resort. So, while sincerely admiring the intellectual valor of my learned brethren, I cannot join them. I am restrained by my understanding of the many cases thoroughly collated by Mr. Justice HORACE STERN in *Kaufman Construction Co. v. Holcomb,* 357 Pa. 514, 518, 55 A. 2d 534, which teach me that "where a statute expressly provides that there shall be no appeal the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous."

I take it that this rule applies even where discretion vested in an administrative tribunal has been called into question, reversed or usurped by the court below. Certainly the broad pronouncement in *Grime v. De-*

*partment of Public Instruction,* 324 Pa. 371, 378, 188 A. 337, does not sanction an exception. There Mr. Chief Justice KEPHART said:* "The statute conferred upon the Court of Dauphin County the right to hear appeals from the [Undertakers] Board and to finally determine all matters arising in such appeals. This appeal was within the scope of that authority and consequently the court below had full and complete jurisdiction to pass upon the interpretation of the statute by the Board. It was a final adjudication of a question arising on an administrative matter of government that emanated from legislative action unburdened by common law rules. *Even if its construction of the statute had been erroneous, it is the final court of appeal in such matters."* (Emphasis added).

Out of profound respect for higher authority I dissent, but I dissent mildly, as becomes one who would not disconsolately deplore approval of the majority opinion.

———

DISSENTING OPINION BY ROSS, J.:

I agree with Judge RENO that, under existing legislation and the decisions of the Supreme Court, we have no power to reverse the lower court in this case.

The court below did not attempt to substitute its discretion for that of the board; it held as a *matter of law* that the board had *no* discretion under the facts of the case.

In its opinion the court, in reversing the board and ordering that a restaurant liquor license be issued, stated that the question involved is "ruled by a recent case in this court. (In Re: Appeal of Howells, 365 September Sessions 1946)." In the *Howells* case the court, in reversing the board and directing the issuance of a liquor license, stated: "The premises which were licensed for the sale of beer only, and on which the appellant now seeks to substitute a liquor license, are

located within three hundred feet of a church. The Board has taken the position that such substitution cannot be made under the circumstances. Section 403 of the Liquor Control Act (47 PS 744-403) provides that discretion is vested in the Board to grant or refuse a new license or permit a transfer of a license to a new location, if the place proposed to be licensed is within three hundred feet of a church. It is to be noted that the obvious purpose of that section is to give the Board discretion when it is sought to open a new place within that territory. In the present case, however, the premises have been licensed practically ever since the repeal of the Prohibition Amendment. The situation, therefore, is vastly different from that intended to be covered by the Liquor Control Act. This is not a new license but merely the substitution of one type of license for another, so that there was no discretion vested in the Board to refuse the license." The court's construction of the statute may be erroneous but, in my opinion, it is conclusive.

My further objection to the majority opinion is that it constitutes an apparent usurpation of legislative functions. In *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213, this Court, in holding that ". . . where the statute expressly denies an appeal from the order of the court below or it is provided that the action of the court below shall be final, appellate review, by way of certiorari, will be limited to the question of jurisdiction and the regularity of the proceedings", stated at page 286: "The effect of this provision of the statute will be to do away with uniformity of decision on this important matter, for no court of quarter sessions is *bound* by the decision of another court of equal authority. The decision may be persuasive but it is not of binding authority. That, however, is a matter for the legislature, not for us. Our duty is to follow the law as it is laid down for us." The

*McGettigan* case was decided in 1938 and although the General Assembly has held five regular sessions since that date, it has not enacted legislation to change the decision.

I would affirm the court below and dismiss the appeal.