## Niedzinsky Post 624, American Legion, License

*John R. Gaughan*, for appellant.

*Peter P. Jurchak*, for Pennsylvania Liquor Control Board.

HOBAN, P. J., February 9, 1949.—This is an appeal from an order of the Pennsylvania Liquor Control Board refusing to issue a club liquor license and is one

of six similar appeals raising certain similar questions, most of which are disposed of in the opinion of Robinson, J., of this court, in Appeal of Moxie Club, filed February 7, 1949, to no. 71, December sessions, 1948. The hearing de novo on the appeal was commenced on October 29, 1948. Because certain conclusions of the Pennsylvania Liquor Control Board were expressed in its opinions in these cases which had not heretofore appeared in similar appeals, the court asked for production of additional evidence and continued the hearing to Friday, December 3, 1948. After that hearing Peter P. Jurchak, counsel for the Liquor Control Board, died before briefs had been submitted and the court requested the Deputy Attorney General,, chief adviser to the Liquor Control Board, to submit briefs. The opinion in the Moxie Club case and this opinion are handed down after consideration of the briefs so submitted.

In this case the Liquor Control Board found as follows:

1. The Borough of Archbald under the Quota Law would be entitled to nine licenses according to its population and there are 39 licenses already issued within the municipality of the type counted against the quota.

2. Archbald now has 38 restaurant liquor licenses, 1 malted beverage eating place license, and 2 club liquor licenses.

3. The club quarters of appellant are located within 300 feet of St. Mary's Church.

4. The proposed licensed premises are directly connected with the private living quarters of the property owner.

The board in its opinion, after stating the aforesaid facts, announced this conclusion:

"The board, upon reviewing all of the evidence, is of the opinion that the applicant does not comply with the requirements prescribed by law; and further that the club quarters are located within 300 feet of a church

and further that there are sufficient licenses for the retail sale of liquor and malt beverages in Archbald to meet the requirements of its citizens, and that the issuance of additional club liquor licenses would be against the public welfare, peace, health and morals of the people of the community."

Thereupon the board stated that it exercised its discretion and refused the license.

At the first hearing it was stated that the situation as stated in fact no. 4 had been removed. At the suggestion of the court a reëxamination was made of the premises and the Liquor Control Board Examiners reported that this condition had been corrected by a permanent type of construction. We, therefore, find as a fact that the proposed licensed premises are no longer connected with the private living quarters of the property owner.

From the testimony at the hearing de novo we make the following additional findings of fact, which we number in sequence following the facts as reported in the board's opinion:

5. Appellant's premises are located in the Village of Eymon, part of Archbald Borough, in the main commercial section of that village, generally adjacent to stores, banks and other licensed premises where liquor is sold.

6. There are three established restaurants, each having restaurant liquor licenses, presently located within 300 feet of St. Mary's Church, one 94 feet from the church property, another 164 feet from the same and the third 272 feet from the same.

7. Appellant's premises were operated as a regularly licensed place for the sale of liquor from the years 1934 to 1939, but the license for such use was abandoned in 1939.

8. No protest was registered by St. Mary's Church, its pastor, or any official thereof, either before the

hearing examiner for the Liquor Control Board or at the hearings de novo, although notice of such hearings was given to such officials.

In this county we have consistently held that the Quota Law does not apply to clubs, and that the refusal of a license for this reason alone is an abuse of discretion because based on a misapprehension of the law. The position has been considered and reiterated in our opinion in the Moxie Club case.

In the Moxie Club case we also held that the Liquor Control Board has no power under the law to decide whether a given number of licenses in any community is sufficient for the needs of the people, nor that the issue of additional licenses in cases of any given number is, as a matter of fact or law, contrary to the public welfare, peace, health and morals of the community. To do so is an usurpation of power reserved to the legislature. In other words, the alcoholic saturation point for any community is not for the liquor board to decide. All that it can do is to determine facts which the law prescribes as a prerequisite to the issue of licenses, or the nonexistence of such facts, in which case it refuses the license. If the necessary facts are there, the board is bound to issue the license. We may point out that even if the board had power to make such findings as to the sufficiency of the number of licenses and effect upon the public welfare, etc., of the issue of an additional license, in this case it has done so without any evidence to justify such findings, for obviously its statement that the issue of such an additional license over the stated quota requirement would be contrary to public welfare, without evidence to justify it, is an expression of social opinion and not a legal conclusion. If the board's exercise of its discretionary power to refuse a club license is based upon these conclusions, it is an abuse of discretion, both

for want of evidence and as an usurpation of legislative power. See Appeal of Moxie Club, supra.

May the board in this case refuse the license on the sole remaining ground for such action, to wit, because the premises are within 300 feet of a church property? In several cases considering the exercise of discretion by the Liquor Control Board as an administrative agency, we have held that the same rules apply as to the exercise of discretion by a judge or court: Appeal of West Scranton Democratic Club, 57 D. & C. 447; Appeal of Lyfolmar Company, 48 Lack. Jur. 65; Appeal of Wilson Conklin Post, No. 242, April sessions, 1947; Appeal of South Scranton Veterans Building and Social Club, no. 22, December sessions, 1947.

An abuse of discretion exists if in reaching the particular conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record. The party complaining of abuse of discretion has a heavy burden. It is not sufficient to persuade the appellate court that the court might have reached a different conclusion if, in the first place, it had been charged with the duty imposed on the body charged with the enforcement of the law. This position has been restated in part in Azarewicz Liquor License Case, 163 Pa. Superior Ct. 459. We quote from the language of the Superior Court:

"In the instant case our holding is but to the effect that, where a discretion is vested exclusively in the administrative tribunal (and not in the courts), on appeal, the court below cannot substitute its discretion for that of the board by the promulgation of an erroneous rule of law."

This court, therefore, cannot substitute its discretion, even on a hearing de novo, for that of the Liquor

Control Board. It can and must, however, decide, on proper evidence, whether discretion has been abused. Unless it has this power, administrative discretion may become administrative tyranny, a notion which is contrary to our whole theory of government and to the establishment of the judicial branch of government as the agency for the relief of public or private wrongs.

In the Wilson Conklin Post case and the South Scranton Veterans Building and Social Club case, supra, in which we considered club situations, and in the Lyfolmar case, where a restaurant liquor license was involved, this court has held that the mere location of the proposed licensed establishment within 300 feet of a church, and particularly when located in well defined commercial areas or with other licenses within the prescribed distances, without more, was not sufficient reason for refusing such licenses, because the exercise of discretion in such cases was arbitrary and unreasonable or based on prejudice or bias, whether that prejudice was personal or based on a social theory held by the licensing authority. In the case at bar there is no protest of any sort from the church in question. The proposed location is in an almost completely commercial district and there are other licensed premises already within 300 feet of the church. It is conceded by the liquor board that appellant is a bona fide organization. We are of the opinion that refusal of the license in this situation is an abuse of discretion and that appellant has successfully met the burden of so proving.

Now, February 9, 1949, the appeal is sustained. Pennsylvania Liquor Control Board is directed to issue club liquor license for the premises known as the John Niedzinsky Post 624, American Legion, at no. 436 Main Street, Eynon, Archbald, Pa.