**East Scranton Veterans Association License**

Before Hoban, P. J., Eagen and Robinson, JJ.

*Wm. J. Oliver* and *Sidney Z. Levy,* for appellant.

*Peter P. Jurchak,* Special Attorney General, for Pennsylvania Liquor Control Board.

*Daniel H. Jenkins,* for protestant.

HOBAN, P. J., March 2, 1949.—This is an appeal from the refusal of the Pennsylvania Liquor Control Board to issue a club liquor license.

The board refused the license for several reasons, among others that the license, if issued, would be in excess of the limitations of the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §§744-1001, and that the issue of any license in excess of the quota limitations would be detrimental to the public welfare, health and morals of the people of the community.

We have repeatedly held that club licenses are not subject to the limitations of the Quota Law. We have recently held that the board has no legal delegation of power to reach the conclusion epressed by it: that an issue of a license beyond the Quota Law restriction is ipso facto contrary to public welfare. See Appeal of Moxie Club, no. 71, December sessions, 1948; Appeal of Niedzinsky Post, 66 D. & C. 618.

Two other reasons for refusing this license are of substance: First, that appellant was not in continuous existence and operation as a corporation for one year prior to the date of its application for the license, and, second, that appellant's premises are within 300 feet of St. Peter's Lutheran Church in Scranton, which institution has objected to the granting of the license.

Corporate existence and operation for the required period prior to the time of application for the license seems to be an essential. See Neptune Club's Liquor License Case, 124 Pa. Superior Ct. 549; Young Men's Republican Club of 15th Ward, 125 Pa. Superior Ct. 486. These cases were decided under the amendment of 1935 to the Liquor Control Act, which requires six months' continuous existence and operation rather than one year as required under the amendment of 1937, P. L. 1762. See section 2 of the Pennsylvania Liquor Control Act of November 29, 1933, spec. sess., P. L. 15, as amended, 47 PS §744-2. While the basic question in these cases was as to a continuity of existence of clubs which had been chartered a long time

prior to the time of application, the Superior Court was definitely of the opinion that the statutory time must have elapsed prior to application rather than at the time of a hearing de novo on appeal.

However, the more serious question in this appeal is whether or not the board has abused its discretion by reason of its decision to refuse the license because of proximity to the church and considering the church's objection. If the board has properly exercised its discretion, the court on appeal, even in a hearing de novo, cannot substitute its own discretion therefor: Azarewicz Liquor License Case, 163 Pa. Superior Ct. 459. The one who alleges abuse of discretion has the burden of proving it, and it is a heavy burden. See opinions of this court in Appeal of West Scranton Democratic Club, 57 D. & C. 447; Appeal of Lyfolmar Company, 48 Lack. Jur. 65.

From the testimony both of appellant's witnesses and the pastor of St. Peter's Lutheran Church, it is clear that every part of appellant's premises proposed to be licensed is within 300 feet of any part of the church. Both properties are within a clearly residential district; there are no other licensed premises in the near vicinity; the major portion of the congregation of the church would have to pass the premises of appellant proposed to be licensed on its way to church services and other various congregational activities during the hours when the sale of liquor would be permitted under a club license, both on Sundays and weekdays, and at least as far back as January 1948 the church council notified members of appellant association that it objected to the establishment of license privileges in appellant's premises. Appellant offered evidence to indicate that for many years the premises had been privately operated by former owners, who had at varying times liquor and beer licenses for the

premises, from 1885 on, and that after the repeal of the prohibition amendment the premises had likewise been licensed under private ownership until 1942, when the existing license was abandoned due to the entry of the owners into the military service, and that during such periods from the time of the dedication of the church no objection had been registered against the operation by the former licensees on the part of the church officials. However, this fact cannot be controlling, since the issue of the proposed club license would be in no sense a renewal but must be treated as an application for a new license.

We have held in other cases that a refusal of a license by the Liquor Control Board on the sole ground that the premises were within 300 feet of a church or school was an abuse of discretion, where such licenses were in a clearly commercial district, other licensed places were in existence within the 300-foot limit, no apparent harm or annoyance could result to the church or school, and no objection had been registered by the appropriate church or school authorities. In such cases we held that a refusal would be clearly discriminatory and an arbitrary rather than a reasoned exercise of discretion. See Appeal of Lyfolmar Company, 48 Lack. Jur. 65; Appeal of Wilson-Conklin Post, no. 242, April sessions, 1947; Appeal of Niedzinsky Post, supra. But in the case at bar there is no such situation, and while as individuals we might hold that an admittedly respected group of citizens organized into a bona fide club might not offer or permit any interference or annoyance with congregational activities, we cannot as an appellate court say that appellant has sustained the burden of proving that the Liquor Control Board has abused its discretion in refusing this license.

Now, March 2, 1949, the appeal is dismissed.