## Williams et al. v. Bedford County Board of Elections

*Don C. Reiley*, for complainants.
*Richard C. Snyder*, for respondent.

WRIGHT, P. J., May 20, 1949.—This is a bill to invalidate a special election on the question of debt increase.

*Pleadings and Issue Raised Thereby*

The pleadings consist of a bill of complaint, an answer, and an amendment to the answer. The issue raised is whether, under all of the circumstances, the special election in question should be invalidated.

*Findings of Fact*

1. Vaughn L. Williams, J. Garvin Oaks, Glenn Koontz, C. Galen Detwiler, Peter Sweitzer are individuals, citizens, residents and taxpayers of the School District of West Providence Township, Bedford County.

2. The School District of West Providence Township, Bedford County, is a municipal corporation which on November 2, 1948, was composed of all of West Providence Township, Bedford County, and parts of Everett Borough, Bedford County.

3. Vaughn L. Williams, J. Garvin Oaks, Glenn Koontz, C. Galen Detwiler and Peter Sweitzer are the school directors of the School District of West Providence Township, Bedford County, and have authorized the bringing of this action.

4. The Bedford County Board of Elections is composed of Percy B. Chamberlain, George A. Hillegass and Joseph H. Clapper, Commissioners of Bedford County, and conducts all public elections in Bedford County.

5. On August 25, 1948, the Board of School Directors of the School District of West Providence Township, Bedford County, duly adopted a resolution signifying the desire of the said school board to hold an election for the purpose of determining whether or not the bonded indebtedness of the school district should be increased.

6. A certified copy of this resolution was duly filed with the Bedford County Board of Elections.

7. On September 9, 1948, the school board adopted a resolution amending the resolution of August 25, 1948, enlarging the amount by which said bonded indebtedness was to be increased.

8. A certified copy of this resolution was duly filed with the Bedford County Board of Elections.

9. Summaries of the resolutions and also an election notice were duly published as required by the Municipal Borrowing Law of June 25, 1941, P. L. 159.

10. On November 2, 1948, the Bedford County Board of Elections held a special election, in conjunction with the general election held on that day, to de-

termine the desire of the electors of the School District of West Providence Township as to the proposed increase of bonded indebtedness.

11. As required by the Election Code, the board of county elections furnished the election officers of West Providence Township and Everett Borough with district registers, being lists containing the names and addresses of the qualified voters in such municipalities.

12. These lists as furnished contained all of the information possessed by the board as to which electors in Everett Borough were entitled to vote in West Providence Township School District.

13. The board did not furnish a separate list of the qualified voters in West Providence Township School District.

14. No persons qualified to vote at the special election were refused ballots by the election officials of either municipality.

15. Two residents of Everett Borough who were not qualified to vote in the West Providence Township School District cast ballots at the special election.

16. The official election returns from Everett Borough show that of the 70 special ballots cast on the bond issue, 21 were favorable and 49 were opposed.

17. The official election returns from West Providence Township show that of the 455 special ballots cast on the bond issue, 207 were favorable and 249 were opposed.

18. Of the total of 525 ballots cast on the bond issue, 228 were favorable and 297 were opposed.

19. The ballots cast in Everett Borough were not a decisive factor in the failure of the bond issue to obtain the support of a majority of the qualified voters.

20. The circumstances in this case do not require the court to invalidate the special election.

## Discussion

In view of the fact that the special election resulted in a disapproval of the proposed debt increase, it is difficult to understand the purpose of this action. Since plaintiffs have failed to clearly establish a reason for the court's intervention, the bill might well be dismissed for lack of equity. Counsel for plaintiffs has based his argument upon the following portion of section 205 of the Municipal Borrowing Law of June 25, 1941, P. L. 159, as amended:

"Whenever the board of school directors of any school district which is not coextensive with a municipality shall have signified by vote a desire to make such increase of debt the county board of elections of the county or counties within which such district is situated shall furnish the election officials with a list of the qualified voters in such districts, and only the qualified voters of the school district shall be permitted to vote at such election."

The three cases relied upon concern entirely different situations. In each of them the proposed debt increase had been approved by the voters but was invalidated by the court because either, (1) the corporate authorities had entirely failed to enact the necessary preliminary ordinance (Hoffman v. Pittsburgh, 229 Pa. 36) or, (2) the preliminary ordinances actually adopted were improperly worded: Bullitt v. Philadelphia, 230 Pa. 544; Beaver et al. v. Hile et al., 12 D. & C. 83.

An election is the embodiment of the popular will, the expression of the sovereign power of the people. In the absence of fraud, technical rules should not be strictly applied if the will of the people would be thereby defeated: Wheelock's Election 82 Pa. 297. Elections should not be judicially overturned because of some innocuous deviation from statutory require-

ments (Oncken et al. v. Ewing, 336 Pa. 43), especially if the statute does not declare that the specified irregularity shall be fatal: Fish's Election, 273 Pa. 410. In Simon Election Case, 353 Pa. 514, failure of the county board of elections to comply with the requirements of the statute relating to military ballots was held not to require, in the absence of fraud, that the entire poll be rejected.

In our case there were no substantial errors in the conduct of the election and no material deviation from the statutory requirements which would render the special election invalid. The alleged irregularity of which counsel for plaintiffs complains is inconsequential and does not justify the court in nullifying the election. No fundamental preliminary was ignored and there is nothing to indicate that there was not a fair election and an honest return: Wilson Liquor License Case, 157 Pa. Superior Ct. 55, 57.

### Conclusions of Law

1. There is no equity in the bill.

2. In delivering district registers to the election officers of Everett Borough and West Providence Township, the County Board of Elections complied with the provisions of the Election Code.

3. Failure to furnish a list of the qualified voters of the West Providence Township School District, in strict compliance with the provisions of the Municipal Borrowing Law, did not materially affect the result of the special election.

4. The circumstances in this case do not require the court to invalidate the special election in question.

### Decree Nisi

Now, May 20, 1949, upon consideration of the foregoing case, it is ordered, adjudged, and decreed that the bill be dismissed at the cost of plaintiffs. Unless

exceptions are filed within ten days after notice of the entry thereof, this decree nisi shall be entered as the final decree.