## Faggioli License

*Leon H. Fox* and *Morris Passon*, for appellant.

*Lloyd H. Wood*, of *Wood, Hauser & DiJoseph*, and *H. Lester Haws*, for licensees.

PER CURIAM, February 15, 1950.—The Zion Baptist Church has taken this appeal from an order of the Pennsylvania Liquor Control Board granting a transfer of a restaurant liquor license from premises 201 Greenfield Avenue, Ardmore, Montgomery County, Pa., to 202 Greenfield Avenue, both locations being within 300 feet of the church and a public playground.

At the hearing before the quarter sessions court, the record before the board was admitted in evidence, and also certain photographs of the old location, the new location, the playground, the church, and also a plot or plan. No additional testimony was heard.

There is no doubt that the church has a direct interest to protect and be protected, and is given a status above and different from that of a remonstrant. It is a party aggrieved by an order directing the issuance of a license for premises within the prescribed distance of 300 feet, and, therefore, has the right of appeal: Azarewicz Liquor License Case, 163 Pa. Superior Ct. 459 (1948).

The single question involved in this appeal is, whether the Pennsylvania Liquor Control Board abused its discretion in granting the transfer of the restaurant liquor license from the old to the new location. If there was no abuse of discretion, the order of the board must be sustained: Betoff's License, 36 D. & C. 32 (1939).

The evidence reveals that in 1935 a restaurant license was granted to the old premises, 201 Greenfield Avenue, Ardmore, Pa., which was across Spring Avenue from a public playground of Lower Merion Township, and was located within 300 feet of the Zion Baptist Church. No remonstrance was made at that time. Thereafter the license was renewed yearly.

On December 7, 1948, licensees lodged their license with the Liquor Control Board and discontinued business at the old location because the landlord refused to make necessary repairs. They purchased the new premises at 202 Greenfield Avenue, and made extensive repairs and alterations. When these repairs were completed on July 6, 1949, after a hearing, at which the church protested, the board granted the transfer of the license to the new location, which was across Greenfield Avenue from the old location, still across the

street (Spring Avenue) from the public playground by 54 feet, and farther away from the church, now 282.5 feet. The new location accommodates 39 patrons, while the old accommodated only 32. No complaints against the license or licensees were ever made known to the Liquor Control Board or the Lower Merion Township police.

The pastor and a number of members of the complaining church testified before the Liquor Control Board that frequently persons under the influence of intoxicating liquors were seen on the streets and sidewalks immediately surrounding these premises; that they used foul and obscene language, and congregated on the streets and sidewalks, to the annoyance of the 400 church members who attended the frequent weekly services and social gatherings of the church.

Since no new testimony was heard before the court on this appeal, and it being admitted that this license has been held for 14 years; that the character of licensees is very good; that no formal complaints have ever been filed; that the new premises meet all the requirements of the Pennsylvania Liquor Control Board, its rules and regulations; that the Commissioners of Lower Merion Township, who operate the playground, agreed to abide by the decision of the Liquor Control Board; and since the discretionary power is lodged in the Liquor Control Board, we cannot decide that the board abused its discretion in granting the transfer of this restaurant liquor license.

We have the highest regard and respect for those who honestly and sincerely oppose the granting or transfer of a liquor license for premises in close proximity to a church and public playground, but since the license has existed for 14 years, without complaint, we cannot find that the Liquor Control Board abused its discretion.

And now, February 15, 1950, for the foregoing reasons, the appeal of the Zion Baptist Church is dismissed.