Opinion by
 

 Stadteeld, J.,
 

 This case involves the revocation of a liquor license, issued to appellant, Alexander Oriole, proprietor and operator of “The Arena Log Cabin,” a restaurant and bar establishment in the City of Philadelphia. On November 8, 1940, the Pennsylvania Liquor Control Board issued a citation to the appellant, charging that the licensed premises had a passageway or communication to or with a place of amusement, in violation of the provisions of the Act of July 9, 1881, P. L. 162, (47 PS §181). After a hearing was had on the citation, the board found that the premises in question were directly connected with a place of amusement contrary to the provisions of the Act of 1881, and thereupon, on
 
 *466
 
 January 16,1941, entered an order revoking appellant’s restaurant liquor license. In the course of the proceedings on the appeal from the order of the board to tbe Court of Quarter Sessions for tbe County of Philadelphia, counsel for appellant admitted the existence of a passageway between the tap room and the “Arena” itself, conceded to be a place of amusement. On March 18,1941, the order of the Liquor Control Board revoking appellant’s license was sustained by the court below “subject to the condition that the said licensee shall be afforded a reasonable time to be fixed by the Board to remove or close the passageway or communication between the licensed premises and a place of amusement known as the Arena; and upon performance of this act and upon further application to this court, the order of revocation will be modified.” This appeal was made a supersedeas.
 

 The principal question involved in this appeal is whether the court below erred in holding that the Act of 1881 was not repealed by the Pennsylvania Liquor Control Act of November 29, 1933 (Sp. Sess.), P. L. 15 as reenacted and amended by the Acts of July 18, 1935, P. L. 1246, and June 16, .1937, P. L. ,1762, (47 PS §744-602-14). Primarily the issue is one of legislative intent. The Act of 1881 provides: “That no license for the sale of vinous, spirituous, malt or brewed liquors, or any admixtures thereof, in any quantity, shall be granted to the proprietors, lessees, keepers or managers of any theaters, circus, museum or other place of amusement, nor shall any house be licensed for the sale of such liquors, or any of them, or any admixtures thereof, which has passage or communication to or with any theater, circus, museum or other place of amusement; and any license granted contrary to this Act shall be null and void.”
 

 The principle is established, as appellant contends, that a subsequent statute revising the whole subject of a former statute, and evidently intended as a substitute
 
 *467
 
 for it, although it contains no express
 
 words to
 
 that effect, operates to repeal the statute. This rule of law, however, applies only when the subsequent statute provides a complete and comprehensive method for doing what was provided for in the prior statute, and the two methods are exclusive and cannot be harmonized:
 
 App. of Visitors to the Allegheny County Home,
 
 109 Pa. Superior Ct. 519, 167 A. 632;
 
 Shibe’s Case
 
 (Hadley’s
 
 Appeal),
 
 117 Pa. Superior Ct. 7, 12, 177 A. 234.
 

 It will be noted that by Section 802 of the Act of 1933 as reenacted and amended, the legislature specifically repealed the Act of March 27, 1923, P. L. 34, the Act of April 14, 1863, P. L. 389, the Act of May 20, 1913, P. L. 229 in part, and further expressly repealed
 
 all other acts and parts of acts, including .special or local acts, inconsistent with this Act,
 
 which otherwise would be repealed by implication.
 

 Appellant calls attention to section 602 (14) of the Act of 1933, as reenacted and amended, which provides that no licensee may permit in any licensed premises, or in any place operated in connection therewith, dancing, theatricals, floor shows, or moving picture exhibition unless a special permit for such entertainment is first obtained from the board. This provision, it is contended, in effect permits the sale of liquor at places of amusement, and is therefore directly contrary to the Act of 1881. This contention is untenable. The section of the Pennsylvania Liquor Control Act referred to does, in fact, provide that premises lawfully licensed to sell liquor may, with special permission, offer certain forms of amusement. It does not follow that all places of amusement, or places operated in connection therewith, are entitled to obtain, or having obtained, to retain a license to sell liquor. For it is not a place of amusement that is granted a license to sell alcoholic beverages, but rather that a bona fide club, restaurant or hotel is permitted by special permission to offer certain forms of amusement. “To hold otherwise would open the door
 
 *468
 
 to the granting of licenses to every theater, moving picture show, skating rink, stadium, baseball park, and other place of amusement, which undertook to operate a so-called ‘eating place’ in connection therewith. Only language which would compel an inescapable conclusion of such construction, would .sanction such view,”
 
 Shibe’s Case,
 
 supra, p. 14.
 

 The purpose of the Act of 1933 was, as its title states, “to regulate and restrain the sale, manufacture, possession, transportation, importation, traffic in, and use of alcohol, and alcoholic and malt or brewed beverages,” not to promote their sale. Its enactment was an exercise of the police power of the Commonwealth. The act does not authorize the issuance of a license for the sale of such liquors independent of and disconnected with the particular business of the defined kind of hotel, club and restaurant. Similarly, “the Act of 1881 was a restraint upon the liquor traffic. It prohibited the granting of a license to certain persons in certain businesses, namely, places of amusement and to premises which has a passage or communication to or with a place of amusement. It too was enacted in the exercise of the police power of the State and had for its purpose the public good by the restraint of this business,”
 
 Shibe’s Case,
 
 supra, p. 13, 14.
 

 Had the legislature intended to repeal the Act of 1881, it is reasonable to conclude that it would have included in its repealer, as embraced in the Acts of 1935 and 1937 reenacting and amending section 802 of the Act of 1933, the specific repeal of the Act of 1881. This conclusion is particularly supported by the legislature’s omission to do so, following the decision of Shibe’s Case which held that the Act of 1881 has not been repealed by the Act of May 3, 1933, P. L. 252, known as the “Beverage License Law,” as amended by the Act of December 20, 1933, P. L. 75, (47 PS §84), known as the “Malt Liquor License Law.”
 

 It is our opinion that the purposes of the Act of 1881
 
 *469
 
 and the Act of 1933 as reenacted and amended are not inconsistent, but in harmony; that the two methods are not exclusive but supplementary, and that the Act of 1881 has not been repealed.
 

 The order of the court below is affirmed.