## Barrett's License

Lutz, Fronefield, Warner & Bryant and Edward H. Bryant, Jr., for appellant.

Edmund P. Hannum, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

MacDADE, P. J., January 3, 1948.—On April 2, 1946, appellant applied for a restaurant liquor license for the property, 692 Point Reading Road, Ardmore, Haverford Township, this county. On October 22, 1947, the Liquor Control Board held a hearing, at which time the school board objected on the ground that the premises were within 300 feet of school grounds. On November 19, 1947, the board entered its order, refusing the license. Appellant filed his appeal to this court on December 9, 1947, and the court, Sweney, J., fixed December 26, 1947, for a hearing. . . .

The solution of the questions herein involved depends upon the interpretation of the words "school or public playground" used in section 403 of the Pennsylvania Liquor Control Act of November 29, 1933, Sp. Sess., P. L. 15, as amended, 47 PS §744-403. That section gives the Pennsylvania Liquor Control Board *discretion* to "grant or refuse such a new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground".

Since the act does not define the method for determining this measurement, the board, in the regulations promulgated under it, has provided the method by which we are bound. Section 17, chapter II, of the regulations, effective March 28, 1946, states:

"Provided, however, that in calculating the distance between the fixed point and a public playground or a public school building, erected back from the street (the school yard or ground shall be considered as a public playground) the measurement shall be made from a point on the curb or street line directly opposite the property line of such playground nearest the fixed point on the same or the other street. However, when there is no school yard or ground, the measurement shall be made as hereinbefore stated.

"In the event the respective buildings are situate on different streets, then the measurements shall be made in an air line from the fixed point on the one street to the line of the intersection of the two streets nearest the other building or playground, and thence in an air line on the other street to the point established thereon in the manner hereinbefore stated.

"ALL MEASUREMENTS SHALL BE MADE ALONG PUBLIC STREETS, ROADS OR HIGHWAYS."

These regulations have been approved by the courts as a proper exercise of the board's discretion: Betoff's License, 36 D. & C. 32; Elmen's License, 51 D. & C. 477; Wolf's License, 58 D. & C. 178.

Applicant in this case contends, however, that the board's determination of the distance by measuring to the property line is incorrect because the part of the school property within 300 feet of his establishment has not yet been fully developed or used as a part of the school playground. The peculiar fact of this case, on the basis of this contention, is the fact that the part of the school property which lies within 300 feet is a recent acquisition of the school district in addition to the original tract which has been fully developed. This contention seems to be based upon the conception of tax law concerning exemptions, where the right to exemption depends upon the use which is made of the property. Since the right of exemption is a special privilege, the law granting it must be narrowly and strictly interpreted. In this case the applicant is asking for a special privilege and the law must likewise be interpreted strictly against him. The Liquor Control Act was enacted to regulate and restrain the liquor traffic and not to promote it and must be interpreted upon that basis: Oriole's Liquor License Case, 146 Pa. Superior Ct. 464; In re Cohn's License, 32 Del. Co. 572; In re Revocation of Donath's Liquor License, 57 Montg. 232.

The present problem has been most nearly approached by the Court of Quarter Sessions of Montgomery County, in Wolf's License, 58 D. & C. 178. There a contention was made that the premises sought to be licensed were not within 300 feet of a school because the school occupied a large tract of land and the part upon which playground equipment appeared was not within that distance. The opinion of Judge Dannehower stated (p. 181):

"The evidence also established that the grounds about the building and within the property line are being used as a playground, part thereof having playground equipment, and that there was no separation of one part of the grounds from the other, which would

justify the conclusion that the rule of the board's regulation ("the school yard or ground shall be considered as a public playground") is not applicable. We are therefore of the opinion that the board's uniform rule for measurement of the distance from the premises for which a license is sought to the school or public playground is not an abuse of discretion. We will not determine appeals of this kind by imposing our mathematical excellence upon the board's sanction and say that the board by its rules of measurement has been too exact in carrying out the legislative purpose, and has gone beyond wise discernment to become unreasonable, arbitrary and unjust."

The evidence in this case shows that, while the ground in question has not yet been put to actual use by the school district, it was acquired for that purpose. Indeed it could not legally be acquired by a school district for any other purpose. It is adjacent to, and contiguous with, property of the school district on which a school building has been erected and which has been in operation for many years. It is in the process of development for the purposes of that school.

Applicant is in a poor position to press the argument that this ground, now only in the course of repair, is not a part of the school ground. On the basis of that argument, he has no standing in this proceeding, for his establishment is not a restaurant which is defined by section 2, of the Liquor Control Act, as, inter alia, a place "habitually and principally used for providing food for the public." It has been closed for almost two months for repairs. The use argument must work both ways.

The premises sought to be licensed in this case is within 300 feet of the grounds of the Chestnutwold School of the Haverford Township school system and the Pennsylvania Liquor Control Board had discretion to refuse the application for a license. The board properly exercised its discretion upon consideration of the

protests of the Board of School Directors of Haverford Township and of the Parent-Teachers Association of that school. . . .

## Order

And now, January 3, 1948, the above matter of the Appeal of Francis Barrett from the refusal of the Pennsylvania Liquor Control Board to issue to him a restaurant liquor license, coming on to be heard by the court, after due consideration, the court doth order and decree the following:

1. Appeal of the said Francis Barrett as aforesaid be and is hereby dismissed, and

2. Order and decision of the Pennsylvania Liquor Control Board refusing to issue a restaurant liquor license to Francis Barrett for premises 692 Point Reading Road, Ardmore, Haverford Township, Delaware County, Pa., under the provisions of the Pennsylvania Liquor Control Act be, and is hereby, affirmed sec. reg. et sec. leg.

EDITOR'S NOTE.—Exceptions to the foregoing order were dismissed March 13, 1948.