## Sawdey Liquor License Case.

Argued April 13, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*William W. Knox,* with him *John J. Galbo,* for appellants.

*Samuel J. Roberts,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *Robert E. Woodside, Jr.,* Attorney General, for appellee.

OPINION BY RENO, J., July 19, 1951:

The Liquor Control Board refused to issue a hotel liquor license to appellants because of a local zoning ordinance prohibiting licenses for the dispensing of intoxicating liquors within a prescribed area. This appeal is from the order of the court below affirming the board's action.

In November, 1948, appellants commenced construction of a hotel on the beach of Lake Erie in Millcreek Township, Erie County. Approximately one year later they applied for a hotel liquor license. Admittedly the physical structure of the premises as well as the aplicants personally met all the requirements of the Act and the regulations of the board. Act of June 16, 1937, P.L. 1762, 47 P.S. §744-403, as amended, and the Quota Act of June 24, 1939, P.L. 806, 47 P.S. §744-1001 et seq. (The amending Act of May 9, 1949, P.L. 964, 47 P.S. §744-1001 is not applicable as construction of the hotel in question was begun prior to the effective date of the Act.) However, the supervisors of Millcreek Township, acting under the authority vested in them by the legislature (Act of May 1, 1933, P.L. 103, Art. XX, §2001, as amended, 53 P.S. §19093-2001) enacted an ordinance designating certain districts as residential and the area within which the hotel is located as a "Mixed Occupancy District." The pertinent section of

the ordinance provides: "(B) (c) Restaurants, grocery stores, hotels, and clubhouses shall have a minimum setback of 40 feet from the center of any drive with an area not less than 8 feet between buildings. *No license for the dispensing of intoxicating liquor in any form is permitted.*" (Emphasis added.)

The right of a municipality to enact zoning ordinances establishing areas within which certain types of buildings or businesses may be conducted is well settled. *Kistler v. Swarthmore Borough,* 134 Pa. Superior Ct. 287, 4 A. 2d 244; *Veltri Zoning Case,* 355 Pa. 135, 49 A. 2d 369.

The case of *Bussone v. Blatchford,* 164 Pa. Superior Ct. 545, 67 A. 2d 587, upon which appellants strongly rely, is clearly distinguishable. There the ordinance prohibited the sale of malt or brewed beverages for "on premises consumption", a right granted the licensee under his State license. We held the ordinance invalid as an effort by local authorities to *regulate* the operation of licensed establishments and not merely restricting their *location.* This Court has frequently restricted the *location* of licenses for the sale of alcoholic beverages; e. g., where a covenant in the deed prohibits such sales, *Cheris's Liquor License Case,* 127 Pa. Superior Ct. 355, 193 A. 162; *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213; or where the premises proposed to be licensed were within 300 feet of a restrictive institution such as a hospital, church, school or playground; Pennsylvania Liquor Control Act, supra, §403, 47 P.S. §744-403; *Azarewicz Liquor License Case,* 163 Pa. Superior Ct. 459, 62 A. 2d 78; or where connected with a place of amusement. *Shibe's Case,* 117 Pa. Superior Ct. 7, 177 A. 234; *Oriole's Liquor License Case,* 146 Pa. Superior Ct. 464, 22 A. 2d 611. Act of July 9, 1881, P.L. 162, 47 P.S. §181.

Appellants argue the ordinance is inapplicable to them because they expended substantial sums of money

constructing the hotel in reliance upon securing a liquor license. The ordinance does not prevent the erection of a hotel or forbid its operation as such. See *Lower Merion Township v. Frankel*, 358 Pa. 430, 57 A. 2d 900. While the issuance of a liquor license might be a financial advantage in the operation of the hotel it is not a vital essential of the business, and its absence does not prevent conduct of a hotel. The acquisition of a license to dispense alcoholic beverages is a privilege and not a matter of right. The very purpose of the Pennsylvania Liquor Control Act of November 29, 1933, P.L. 15, 47 P.S. §744-1, as amended, is to regulate and restrict sales of liquor, not to promote them. *Com. v. Bienkowski*, 137 Pa. Superior Ct. 474, 9 A. 2d 169. Denial of a license to appellants is clearly not inequitable in the circumstances. The record indicates the zoning commission by newspaper notices publicized the fact that public hearings would be held relative to changes in districting and zoning in the township at least two months before the construction of the hotel was begun.

Order affirmed.