## Duddy v. Conshohocken Printing Company

*Harry J. Alker, Jr.*, for plaintiff.

*Federico F. Mauck*, of *Wright, Mauck, Hawes & Spencer*, for defendant.

CORSON, J., March 25, 1953.—In this case plaintiff, a dissenting stockholder in the merger of two corporations, brought proceedings to have the assets of the corporation appraised for the purpose of determining the value of plaintiff's stock under the provisions of the Business Corporation Law of May 5, 1933, P. L. 364, sec. 908(B), 15 PS §2852-908(B), as amended. In that proceeding, and in accordance with the act, the court appointed three appraisers who held hearings and appraised the assets of the old corporation.

At the hearing on the appraisal plaintiff produced certain experts on real estate, printing machinery, etc., whose names and fees are set forth in the petition. Plaintiff petitioner seeks to have the fees of these experts taxed as costs in the case, to be paid by defendant, which is the new or surviving corporation under the act. The pertinent section of the Business Corporation Law, supra, provides as follows:

". . . The costs of such appraisal, including a reasonable fee to the appraisers, shall be fixed by the court, and shall be borne by the surviving or new corporation unless, in the opinion of the court, the action of any shareholder in refusing the offer of the corporation has been arbitrary, vexatious, or in bad faith, in which case the costs shall be assessed in the discretion of the court.·. . ."

Since there is no contention upon the part of respondent, or any finding by the court, that the action of the shareholder has been arbitrary, vexatious, or in bad faith, the latter part of the act has no application.

Respondent in the rule cites the Act of July 21, 1941, P. L. 425, 28 PS §416.1 et seq., as controlling the situation, rather than the Business Corporation Law, supra. The Act of 1941 is entitled:

"An Act to establish a system uniform through the Commonwealth for the compensation of witnesses, regulating the amount, payment and taxation as costs thereof, and repealing inconsistent legislation."

Section 1 of this act provides:

"The word 'witness' as used in this act means a witness subpoenæd to testify before (a) any court of record, or . . . (c) any officer or committee of, or appointed by, any such court. . . ."

Section 2 provides:

"Every witness shall be paid at the rate of three dollars ($3) per day during the necessary period of his attendance."

Section 9 provides:

"Nothing herein contained shall affect the right of a witness who gives expert testimony to receive additional per diem compensation therefor not taxable as costs. . . ."

Sections 11 and 12 specifically repeal certain sections relating to costs but section 908 (B) of the Act of 1933 is not found therein.

Section 13, being the general repeal section of the act, provides:

"All other acts and parts of acts, general, special and local, inconsistent with or supplied by this act, are hereby repealed in so far as they are inconsistent herewith."

The question to be decided is whether the Act of 1941 or the Act of 1933 governs.

The precise question was passed upon in Ashton v. Pittsburgh Consolidated Coal Co., 69 D. & C. 277 (1949), where Judge Patterson, in a most able and lengthy opinion, held that the costs, in a proceeding of this nature, of accountants and expert witnesses should be allowed even though such costs went beyond the provisions of the Act of 1941. This court is inclined to agree with Judge Patterson and particularly to what

is said on pages 283 and 284 of his opinion. This excerpt is as follows:

"In conclusion, therefore, we have two statutes, upon one of which we must predicate our position. In our opinion, the Business Corporation Law of 1933 must control our procedure. One contention of respondents is that the Witnesses' Act of July 21, 1941, P. L. 425, 28 PS §416.1-10, being a general revision of the cost system in any court of record, repealed the Business Corporation Law insofar as it provided a system of costs imposition. With this we cannot agree. The rule that such is the effect of the later enactment applies only where the subsequent act provides a complete and comprehensive method of doing what the former statute provided and the two methods cannot be harmonized: Orioles Liquor License Case, 146 Pa. Superior Ct. 464, 467; Appeal of Visitors to the Allegheny County Home, 109 Pa. Superior Ct. 519; Shibe's Case, 117 Pa. Superior Ct. 7, 12. 'Rarely, if ever, does a case arise in which it can be justly held that a general statute repeals a local statute by mere implication': Mitchell, C. J., in Commonwealth ex rel. v. Brown, 210 Pa. 29, citing Malloy v. Reinhard, 115 Pa. 25, 31. The inherent or ancillary power of a chancellor is not discussed in or affected by the general terms of repeal expressed in the Act of 1941, and certainly no implied repeal appears."

We may add that not only did the legislature fail specifically to mention section 908(B) of the Act of May 5, 1933, P. L. 364, in sections 11 and 12, the repealing sections of the Act of July 21, 1941, P. L. 425, but section 908 of the Act of 1933 has subsequently, since Ashton v. Pittsburgh Consolidated Coal Co., supra, been amended by the Act of May 23, 1949, P. L. 1773, sec. 22, which dealt specifically with section 908(B) and by the Act of September 26, 1951, P. L. 1475, sec. 18. The legislature did not in these amend-

ments disturb the provision with respect to the fixing of costs of such appraisal.

Certainly if the legislature had intended that the Act of July 21, 1941, P. L. 425, be the exclusive method for determining the compensation of witnesses, section 908(B) of the Act of 1933 would not have been left intact and reënacted but would have been excluded in the subsequent amendments.

And now, March 25, 1953, respondent's answer raising preliminary objections in the nature of a demurrer to the petition and rule is dismissed and respondent is allowed 20 days from the notice of this order to file an answer on the merits.