# Bethel Township Veterans Home Association Liquor License Case.

Argued November 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Lewis J. Nescott,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, and *Horace A. Segelbaum,* Deputy Attorney General, for appellant.

*James F. Callahan,* with him *Alvin J. Porsche,* for appellee.

OPINION BY RHODES, P. J., January 17, 1956:

This appeal is by the Pennsylvania Liquor Control Board from an order of the County Court of Allegheny

County sustaining the application of the Bethel Township Veterans Home Association for a club liquor license and directing its issuance by the Liquor Control Board.

The appeal is before us on the question whether, under the quota provisions of the Liquor Code of April 12, 1951, P. L. 90, §461, 47 PS §4—461, the number of inhabitants in a municipality is to be determined by the prior decennial census of the United States or by a more recent enumeration made by the school directors of the municipality pursuant to the Public School Code of 1949.

Appellee, a non-profit corporation, applied to the Pennsylvania Liquor Control Board for a club liquor license for its premises in the Borough of Bethel, Allegheny County. The board by decision dated September 17, 1954, refused to grant the license for the reasons that the Borough of Bethel had a quota of twelve licenses; that there were at that time sixteen licenses in effect of the type counted against the quota; and that the legal quota being exceeded the board was prohibited by law from granting the new license in that municipality.

The court below in sustaining the appeal by appellee from the decision of the board, after a hearing de novo, found that the Borough of Bethel had a population of 16,337 inhabitants and a quota of seventeen licenses, and that the granting of this application would not exceed the quota. The 1950 federal decennial census showed the population of the Borough of Bethel to be 11,324. The court stated that it accepted as competent evidence to establish the number of inhabitants an enumeration made under a resolution of the School Directors of the Borough of Bethel of January 10, 1955, pursuant to section 1351 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended by

the Act of July 27, 1953, P. L. 629, §8, 24 PS §13—1351, providing for enumeration of all children from birth to eighteen years of age,[1] and to section 663 (c) of the Act of March 10, 1949, P. L. 30, 24 PS §6—663, providing that the board of assessors of the school district prepare a list of residents or inhabitants over twenty-one years of age for the purpose of taxation. Section 663 (c) of the Public School Code of 1949, 24 PS §6—663, to which reference is also made in an agreed statement of facts under Rule 41 of this Court, provides for such an enumeration only by the board of assessors in a school district of the first class having a population of less than 1,500,000 persons. The School District of the Borough of Bethel is a third-class school district. But section 680 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended by the Act of June 30, 1951, P.L. 962, No. 193, §1, 24 PS §6—680, authorizes such a school district to make a list of all inhabitants therein over twenty-one years of age. Such list for taxation purposes may be prepared by the proper assessors or by the employes of the school district. See Act of July 19, 1951, P. L. 1026, No. 216, §1, 72 PS §5505.

The contention of the Liquor Control Board is that the method for determining the number of inhabitants of any district for the purpose of granting liquor licenses under section 461 of the Liquor Code, 47 PS §4—461, is by reference to the last federal decennial census in accordance with the definition of the word "population" in section 102 of the Liquor Code, 47 PS §1—102.

---

[1] This section also provides: "The board of school directors in any school district shall have authority to cause to be made an enumeration of all minors residing within the district, and the Superintendent of Public Instruction may, at his discretion, require such enumeration."

It is urged by appellee that the use of the last federal decennial census is not exclusive in so far as the quota provisions of section 461 are concerned, and that the census taken by the School Directors of the Borough of Bethel, being an official and mandatory census, is the best evidence of the number of inhabitants which shall determine the number of licenses to be granted in the municipality. Although the enumeration, under the Public School Code, of all children from birth to eighteen years of age and of all inhabitants over twenty-one years of age may be mandatory, there is no mandatory provision for the enumeration of minors between the ages of eighteen and twenty-one. Section 1351 of the Public School Code of 1949, as amended, 24 PS §13—1351, gives the school directors in any school district authority to make an enumeration of all minors residing within the district, but it is in no sense mandatory upon the school directors to make such enumeration unless directed by the Superintendent of Public Instruction.

Under the procedure for which appellee argues, there would be no definite or readily ascertainable method for the Liquor Control Board to follow in applying the quota and license fee provisions of the Liquor Code. This becomes apparent from the fact that the board's refusal of appellee's application was dated September 17, 1954, and at that time there was no basis other than the federal decennial census for the determination by the board of the number of inhabitants in the municipality. The enumeration directed by the School Directors of the Borough of Bethel started after January 10, 1955, the date of the board's resolution, and was completed on June 25, 1955. The opinion of the court below, after hearing de novo, was dated July 5, 1955.

Section 461 (a) of the Liquor Code, 47 PS §4—461, limits the number of retail licenses, exclusive of licenses granted to hotels, to be issued in each municipality, to one license "for each one thousand inhabitants or fraction thereof. . ." Section 439 of the Liquor Code, 47 PS §4—439, governing malt or brewed beverage license fees provides in subsection (d) that the license fee for a retail dispenser, except clubs, shall be graduated according to the population of the municipality in which the place of business is located. Section 405 of the Liquor Code, 47 PS §4—405, prescribes license fees for hotel and restaurant liquor licenses according to population of the municipality and provides: "(a) License fees for hotel and restaurant liquor licenses shall be graduated according to the population of the municipality as determined by the last preceding decennial census of the United States in which the hotel or restaurant is located, as follows: In municipalities having a population of less than fifteen hundred inhabitants, one hundred fifty dollars ($150.00)." This section continues to list the license fees for various municipalities based upon population, using the phraseology "having a population of . . . and more but less than . . . inhabitants, . . ." Thus it appears that only the word "inhabitant" is used in section 461, and only the word "population" is used in section 439; but both words are used in section 405.

Section 102 of the Liquor Code, 47 PS §1—102, defines the word population as follows: " 'Population' shall mean the population as determined by the last preceding decennial census of the United States." It is evident that in section 405 of the Liquor Code fixing license fees the words "population" and "inhabitants" are used interchangeably. In fact, the words are so used in a popular sense. The word "population" is defined in Webster's New Collegiate Dictionary as "the

whole number of people or inhabitants in a country, section, or area," or "the body of inhabitants of a given locality." We are of the opinion that the method set forth in section 102 of the Liquor Code, for the determination of "population" as used in the code, must be used in determining the number of "inhabitants" for quota purposes under section 461. "Population" is a generic term and comprehends the number or body of inhabitants of the municipality; and no specific reference to inhabitants in section 102 was necessary to make the decennial census of the United States applicable to section 461. The object of all interpretation and construction of laws is to ascertain and effectuate the legislative intent; and every law shall be construed, if possible, to give effect to all its provisions. Statutory Construction Act of May 28, 1937, P. L. 1019, §51, 46 PS §551. Words defined in the statute should be given a consistent meaning throughout the act. Moreover, there is a presumption that the Legislature did not intend an absurd or unreasonable result. Statutory Construction Act of May 28, 1937, P.L. 1019, §52, 46 PS §552.

The absence of a definite time and method for the computation of "population" or "inhabitants" would create a state of confusion and uncertainty in the administration of the Liquor Code. The Legislature has now provided the sole method for the ascertainment of this fact; other evidence of the population or the number of inhabitants of the Borough of Bethel was inadmissible. As we have said, the quota provisions of the Liquor Code are limitations on the power of the courts as well as of the Liquor Control Board. *Zeltner Liquor License Case,* 174 Pa. Superior Ct. 98, 101, 100 A. 2d 132.

In *Luzerne County v. Glennon,* 109 Pa. 564, 571, involving the classification of counties for certain pur-

poses, according to population, the Supreme Court said: "The only legally recognized method of determining the population of any particular county or district is by resorting to the last preceding decennial census; . . . We do not say it is not competent for the Legislature to provide some other or additional mode of determining the fact; but, until some other legal provision is made, we must be governed by the only recognized rule applicable to the subject. . . . The United States decennial census is the only official determination of population that we now have; and the inconvenience and injustice that would necessarily arise from accepting any unofficial guide to the classification of counties, for salary purposes, cannot well be overestimated."

In *Com. ex rel. Chase v. Harding,* 87 Pa. 343, 351, which involved a constitutional provision that a county containing 40,000 inhabitants shall constitute a separate judicial district, it was said: "The number of inhabitants in a county is an unknown fact, except as it may become known through the decennial census taken by the United States."

Although the above authorities cited by appellant may not be directly applicable to the Liquor Code of 1951 or decisive of the question involved in the present case, they are nevertheless not without influence in reaching a conclusion.

The purpose of liquor control legislation has been to regulate and restrain the sales of liquor, not to promote them. See *Com. v. Bienkowski,* 137 Pa. Superior Ct. 474, 480, 9 A. 2d 169; *Oriole's Liquor License Case,* 146 Pa. Superior Ct. 464, 468, 22 A. 2d 611. It is not for the Liquor Control Board or the courts to permit attempts, by methods other than that prescribed by the Liquor Code, to prove from time to time that the population or the number of inhabitants of a munici-

pality has increased in order that there may be additional places licensed. The method to be used to determine the fact is entirely within the province of the Legislature.

The order of the court below is reversed, and the order of the Liquor Control Board refusing to grant the license to appellee is reinstated, at appellee's cost.