## 543 Bar, Inc., Liquor License Case

*Samuel M. Brodsky* and *Sidney Schwartz*, for appellant.

*Russel C. Wismer*, Special Assistant Attorney General, for Pennsylvania Liquor Control Board.

GOLD, P. J., July 30, 1962.—This matter is before us on an appeal from an order of the Pennsylvania Liquor Control Board suspending appellant's liquor license for premises 543 North Twelfth Street, Philadelphia, Pennsylvania, for a period of ten days. The facts of the instant case are not in dispute and we are concerned solely with a question of law.

Appellant, 543 Bar, Incorporated, is a Pennsylvania business corporation with its principal place of business located 543 North Twelfth Street, Philadelphia, Pennsylvania. The board issued to appellant a restaurant-liquor license on August 24, 1960. Subsequent to the issuance of this license, Kate Dinenberg, who is the secretary, treasurer, director and owner of all of the issued and oustanding stock of appellant, operated the restaurant and taproom business in the capacity of manager of 543 Bar, Incorporated, a position which was approved by the board.

In the course of her duties as manager, Kate Dinenberg served alcoholic beverages from behind the bar. On November 21, 1961, the board issued a citation after a letter of warning to appellant to show cause why its license should not be revoked and bond forfeited on the ground that it had permitted a female to render service of alcoholic beverages from behind its bar. The board suspended appellant's license for a period of ten days on March 21, 1962, and this appeal followed.

Although we have been unable to uncover any precedent concerning the exact legal questions before us, we are convinced the order of the board should be reversed.

Appellant's license was suspended for an alleged violation of section 4-493, subsec. 25, of the Liquor Code of April 12, 1951, P. L. 90, sec. 493, 47 PS §4-493 (25), which provides insofar as material hereto, that it shall be unlawful:

"(25) *For any licensee or his agent*, to employ or permit the employment of any female at his licensed hotel, restaurant or eating place to mix or serve liquor or malt or brewed beverages behind the bar, or to employ any female for the purpose of enticing customers, or to encourage them to drink liquor, or make assignations for improper purposes: Provided, That nothing in this section shall be construed to prevent the employment of any female waitress who regularly takes orders for food from serving food, liquor or malt or brewed beverages at tables; also, that nothing shall prevent any such licensees from employing any female stenographer, hotel secretary, clerk or other employe for their respective positions: Provided, further, That nothing in this *section shall be so construed as to prevent the wife of any such licensee or agent from mixing or serving liquor or malt or brewed beverages behind the bar of any such licensed place.*" (Italics supplied.)

We are concerned here only with a corporate license and the right of its female manager to serve alcoholic beverages behind the bar.

The quoted section of the code is penal, and, as such, must be strictly construed.

We think the intent of the legislature in enacting the instant section of the code is clear. It was to prevent the general employment of female bartenders which would afford protection for the public welfare and morals.

It is to be noted that the cited section of the act does not prevent wives of licensees or agents from selling liquor behind the bar. We think the purpose of the exception is obvious. Certainly, the wife of a licensee

or the agent of a corporate licensee could be expected to have more of a vital interest in the proper conduct of operations of a licensed establishment than a mere female employe. Ergo, the exceptions by the act as to females afford protection to the public. See In re Shahade's License, 57 D. &. C. 573 (1946).

In the case before us, we have the following paradoxical situation: When Kate Dinenberg's husband was alive, he was designated as "agent" of the appellant herein. Thus during her husband's lifetime, Mrs. Dinenberg was permitted by the code to serve alcoholic beverages from behind the bar. Upon the death of her husband, she inherited all of the stock of the appellant and assumed the duties of manager or agent, a position which required investigation and approval of Kate Dinenberg by the board. We can think of no sound reason either legally or morally that would render Kate Dinenberg any less suitable after the death of her husband. To prohibit her from now serving alcoholic beverages from behind the bar of appellant would not be within the spirit of the law, and would result in an arbitrary and unreasonable discrimination against her.

We think there is an even more cogent reason for permitting Kate Dinenberg to serve liquor from the bar. She is the manager of appellant corporate licensee. The manager of a corporate licensee is charged with the duty of conducting the operations of the business, and insuring that the operation complies with the code. While section 4-493 (25) of the code is silent as to managers, and refers only to agents, we are convinced that the terms are synonymous under the code: In re Shahade's License, supra. We are, therefore, convinced that the code does not prohibit a female manager of a corporate licensee from serving alcoholic beverages from behind the bar. To hold otherwise would lead us to an absurd or unreasonable result, and it cannot be presumed that the legislature so intended. See Bethel

Township Veterans Home Association Liquor License Case, 180 Pa. Superior Ct. 159 (1959).

In the instant case, the board issued a written bulletin which set forth the interpretation of the board concerning the circumstances under which a female could be employed to serve liquor from behind a bar under section 4-493 (25) of the code.

Unquestionably, if this bulletin applies to appellant in the instant situation, the board would have a basis for finding a violation. Under section 4-471 of the code, the board may suspend a license for any sufficient cause shown. We think it is apparent from the wording of section 4-471 that the board could base a finding of a violation on a bulletin such as we have before us, and there is no need for a formal regulation. We interpret the phrase "or upon any other sufficient cause shown", as used in section 4-471, to mean a cause which could not be specifically set forth in a formal regulation. Such a phrase covers a wide variety of circumstances. See In re Panichi's License, 41 D. & C. 256 (1941) ; Appeal of Bard, 48 Lanc. 576 (1944).

The directive makes it clear that a female agent of a licensed corporation may serve alcoholic beverages behind the bar. In its order of suspension, dated March 28, 1962, the board rests its suspension upon the fact that "licensee . . . permitted a female to render service of alcoholic beverages from behind the bar. . . ." The order does not mention that the female involved is the manager or agent of the corporate licensee.

We believe the construction of the Bar-Maid Act by the board to be invalid. If the board desires to accomplish the objective that all female managers be barred from serving behind the bar, it should so prescribe and restrict the status of a female manager or agent before it approves her for this position, or in the alternative, it should request the General Assembly to amend the code to this end.

We, therefore, conclude that appellant has not been guilty of a violation of section 4-493 (25) of the code, and, accordingly, enter the following:

*Order*

And, now, to wit, July 30, 1962, the order of the Liquor Control Board is reversed and the appeal of 543. Bar, Incorporated, is sustained.