Elk Casino Liquor License Case.

Argued March 18, 1970. Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and
CERCONE, JJ.

*Donald D. Doerr,* Special Assistant Attorney Gen-
eral, with him *Thomas J. Shannon,* Assistant Attorney
General, and *William C. Sennett,* Attorney General, for
appellant.

*Gordon J. Daghir,* with him *Houston & Daghir,* for appellee.

OPINION BY WRIGHT, P. J., April 14, 1970:

On October 2, 1968, the executors of the estate of Lottie VanSlander filed with the Pennsylvania Liquor Control Board an application for a new restaurant liquor license for premises located in the northern portion of Benzinger Township, Elk County. Following a hearing, the application was refused by the Board. Upon appeal to the Court of Common Pleas of Elk County, Criminal Division, that tribunal entered an order, November 14, 1969, directing the Board to issue the license. This appeal by the Board followed.

It is undisputed that the quota of licenses for Benzinger Township is already exceeded. The theory of the applicants is that they qualify under the 1961 amendment to Section 461(a) of the Liquor Code, which permits the granting of a license "in each part of a municipality where such municipality is split so that each part thereof is separated by another municipality".[1] The applicants contend, and the court below agreed, that Benzinger Township is split by St. Marys Borough within the meaning of the statutory exception. The record discloses that, at the hearing, it was stipulated by counsel "that the Borough of St. Marys does not entirely split the Township of Benzinger but rather the Township of Benzinger completely surrounds the Borough of St. Marys".

Webster defines the adjective "split" as meaning "divided". In the case at bar it clearly appears, not only by the stipulation of counsel, but also by the map offered in evidence, that no part of Benzinger Township has been divided from the remainder.

---

[1] Act of April 12, 1951, P. L. 90, as amended, 47 P.S. 4-461.

Applicants argue that the other licensed establishments in Benzinger Township are located in the southern portion, and that there is no access between the northern and southern portions of the township without passing through the Borough of St. Marys. However, it is our view that the legislature intended the exception to apply only in case of a geographical split. The purpose of liquor control legislation is to regulate and restrain sales of liquor, not to promote them: *Bethel Township Veterans Home Association Liquor License Case*, 180 Pa. Superior Ct. 159, 119 A. 2d 613.

The order of the court below is reversed, and the order of the Board is reinstated.