## Appointment of C.P.A. for Hanover Township

*Lawrence B. Fox* and *Newman & Fox,* for elected township auditors.

*Thomas F. Traud, Jr.,* and *Roberts & Traud,* for township supervisors.

WIEAND, *J.,* July 8, 1975—Upon petition of the Supervisors of Hanover Township and pursuant to authority contained in The Second Class Township Code of May 1, 1933, P.L. 103, sec. 702, as amended, 53 PS §65745, this court, by order dated November 6, 1970, appointed Luther R. Campbell, Jr., as Certified Public Accountant for Hanover Township. The order directed the accountant to prepare the 1970 audit "and all succeeding audits as long as he is so employed by the Supervisors of Hanover Township." The supervisors have continued to employ Campbell, and he has audited the township books annually to and including 1974.

Thomas H. Lamb and William P. Dale, the elected auditors of Hanover Township, have now petitioned to vacate the order of November, 1970. Their request is opposed by the supervisors. An agreed statement of facts has been submitted by counsel for the parties and has formed the basis upon which argument was had before this court.

It is the contention of the elected auditors that the court lacks authority to appoint a certified public accountant for a period in excess of one year. Although conceding that when the appointment was made in 1970 the statutory language contained no specific time limitation, they contend that a 1972 amendment has clarified any prior ambiguity and now compels the vacation of a continuing appointment.

By Act of May 20, 1949, P.L. 1562, sec. 10, 53 PS §65745, The Second Class Township Code, supra,

was amended by providing power in the supervisors to "employ a certified public accountant to audit the accounts of the township and the township officers, if a petition has been presented to the supervisors by at least twenty-five taxpayers of the township asking for such appointment." This power was amended by the Act of June 10, 1957, P.L. 288, by adding language which, inter alia, authorized employment of a certified public accountant "to be appointed by the court of common pleas . . ." In 1972, the final amendment was effected by the Act of June 9, 1972, P.L. 340 (No. 109), sec. 1. This amendment required that the accountant or firm of accountants be "appointed by the court of common pleas *at least thirty days prior to the close of the fiscal year* . . ." It is this amendatory language which petitioners contend has made it clear that an appointment must be made annually.

The supervisors point out that in the Borough Code of February 1, 1966, P.L. (1965) 1656 (No. 581), sec. 1005, 53 PS §46005, and The First Class Township Code of June 24, 1931, P.L. 1206, sec. 520, as amended, 53 PS §55520, both of which authorize the appointment of an accountant by the respective municipalities, the legislature required that the appointment be made *"annually."* They argue that the omission of a similar limitation in The Second Class Township Code was not inadvertent but intentional. It was intentionally omitted, they contend, because the appointment for a second class township was to be made by the court and not by the township officials. Under such a statutory scheme, they contend, the legislature did not intend an annual pilgrimage to the courthouse to determine the identity of the accountant to be employed to audit the township books.

An examination of the language and history of The Second Class Township Code, supra, in the light of established principles of statutory construction leads us to the conclusion that the legislature did not contemplate an appointment for more than one year.

A law must be construed, if possible, to give effect to all its provisions: Bethel Township Veterans Home Association Liquor License Case, 180 Pa. Superior Ct. 159, 165, 119 A. 2d 613 (1956). All words and phrases are intended to have meaning and none are to be treated as surplusage: Klein v. Republic Steel Corp., 435 F. 2d 762 (3rd Cir., 1970). See also Statutory Construction Act of December 6, 1972, P.L. 1339 (No. 290), sec. 3, 1 Pa.C.S. §1922(2). The construction urged upon us by the Supervisors runs afoul of this principle, for it would require us to treat as surplusage the amendatory language adopted by the legislature in 1972. Under such an interpretation, the requirement that a court appointment be made "at least thirty days prior to the close of the fiscal year" would become meaningless, for an appointment, once made, would continue until terminated by the supervisors. This we find to be an unreasonable construction and one that would be contrary to signposts erected by the legislature.

A more reasonable interpretation would require that the appointment of an accountant to audit the township books be made annually. This will avoid a possible appointment in perpetuity and will vest the appointing power in the court where the legislature intended to vest it rather than in the township supervisors where the legislature did not. Such a construction, moreover, will conform to the general legislative pattern established by The Borough and

First Class Township Codes for the appointment of accountants in other municipalities. It will also better serve to guard and protect the interests of the township and the taxpayers thereof.

We conclude, therefore, that an accountant cannot be appointed to audit the township books for more than one year at a time. That appointment must be made at least 30 days prior to the close of each fiscal year. The order entered on November 6, 1970, must be vacated.

### ORDER

Now, July 8, 1975, for the reasons set forth in the foregoing opinion, this court's order of November 6, 1970, appointing Luther R. Campbell, Jr. to audit the books of Hanover Township for an indefinite period of time is vacated and set aside.