639 A.2d 1276

**D. ZARRINNIA, Appellant,**

v.

**ZONING HEARING BOARD OF ABINGTON TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1994.

Decided March 28, 1994.

Reargument Denied May 12, 1994.

Scot W. Semisch, for appellant.

Bruce J. Eckel and R. Rex Herder, Jr., for appellee and intervenor.

Before CRAIG, President Judge, and NEWMAN, J., and LORD, Senior Judge.

NEWMAN, Judge.

David Zarrinnia appeals from an order of the Court of Common Pleas of Montgomery County in which the Honorable William T. Nicholas, P.J. and the Honorable Marjorie C. Lawrence affirmed an order of the Zoning Hearing Board of Abington Township (the Board) denying Appellant's request for a variance from Section 301.2 of the Abington Township Zoning Ordinance (Ordinance). The variance was sought for the installation of a second kitchen at 1281 Dixon Lane, which is located in Rydal, Pennsylvania, in an area zoned V Residential. The following issues are raised on appeal: 1) Whether the Zarrinnias comply with the Ordinance and therefore do not require a variance; 2) whether Abington Township's restriction that a single family dwelling shall have one kitchen is an unconstitutional exercise of police power, and 3) whether the Ordinance restricting a dwelling unit to having only one kitchen has any rational relationship to the Ordinance's purpose.

At a hearing before the Board on May 21, 1992, Dr. Kourosh Zarrinnia, brother of the Appellant and a co-owner of the property, testified that he and his wife planned on residing in the house and that his parents were going to live with them. The purpose of the second kitchen was to allow his parents to prepare meals in strict accordance with kosher laws. Dr. Zarrinnia and his wife do not observe the laws regarding preparation of kosher food.[1]

The Board's decision of June 16, 1992, which denied the variance sets forth the following relevant findings of fact:

This application is for a variance, as the applicant seeks permission to install a second kitchen in his single family dwelling unit.

The opposition testified that they are concerned with the potential for creating two separate dwelling units thereby changing the zoning classification on this property to a duplex use.

The two separate kitchens are on distinctly different levels of the home which was recently enlarged to a six bedroom home.

The internal layout of the home is such that there are two distinct bedroom areas on different levels of house [sic], and the locations of the kitchens are designed to service the separate bedroom areas independently.

The parents and children will prepare meals separately and independently from each other.

During construction of the recent addition, a framing change was made to allow for the possibility of a separate new entrance on one side of the home.

The proposed use of the property is not consistent with Section 202 of the Zoning Ordinance which defines Family Unit as "cooking together as a single housekeeping unit."

The proposed use is also in violation of the definition of Dwelling Unit in Section 202 of the Zoning Ordinance which

1. The application filed by D. Zarrinnia on April 30, 1992 indicates that the only purpose for the second kitchen is "for entertainment and holidays and for family gatherings."

allows for *a* kitchen with fixed cooking facilities arranged for occupancy by *one* family. (Emphasis in original).

Opinion of the Board at 2.

■ Our scope of review, where the trial court takes no additional evidence, is limited to determining whether the Board committed an abuse of discretion, error of law, or made necessary factual findings that are not supported by substantial evidence. *City of Pittsburgh v. Zoning Hearing Board of Adjustment,* 522 Pa. 44, 559 A.2d 896 (1989).

■ Appellant argues that he complies with the Ordinance and therefore does not require a variance for a second kitchen.

Section 301.2(A) of the Ordinance provides:

Section 301.2—*Use Regulations*

A building may be erected or used and a lot may be used or occupied for any of the following purposed [sic] and no other, subject to the applicable provisions of Article XII.

A. Single-family detached dwelling.

Section 202 defines "Dwelling, Single–Family, Detached" as:

A building used by one (1) family, having only one (1) dwelling unit and having two (2) side yards.

Section 202 defines "Dwelling Unit" as:

One (1) or more rooms used for living and sleeping purposes and having a kitchen with fixed cooking facilities arranged for occupancy by one (1) family.

Section 202 defines "Family" as:

One (1) or more persons related by blood, adoption, or marriage, or not more than two (2) unrelated persons living and cooking together as a single housekeeping unit.

The Zarrinnias maintain that they are permitted to live together in a single family detached house because Dr. Zarrinnia, his wife and his parents are "related by blood ... or marriage." The Board argues that related family members are only allowed to live together in a single family dwelling, provided they use one kitchen and live and cook together as a single housekeeping unit. We need not address this issue

because even if the Zarrinnias constitute a family under the Ordinance, they would still require a variance due to the Ordinance's definition of "dwelling unit" as having "a kitchen with fixed cooking facilities." Appellant argues that under this definition, "a kitchen" may mean more than one kitchen, because in other sections the Ordinance specifically uses the number one (1) when it sets limitations. We reject this interpretation of the Ordinance. The principles contained in the Statutory Construction Act of 1972 (Act), 1 Pa.C.S. §§ 1501–1991, are to be followed in construing a zoning ordinance. *Patricca v. Zoning Board of Adjustment of the City of Pittsburgh*, 527 Pa. 267, 590 A.2d 744 (1991). Pursuant to Section 1903(a) of the Act, words and phrases are to be construed according to the rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903(a). To interpret the word "a" as not being synonymous with the word "one" is to ignore both common and approved usage as well as common sense. Were Appellant's interpretation to be accepted, there would simply be no limit on the number of kitchens permitted in a dwelling.

■■■■ Appellant next argues that the prohibition of a second kitchen in a single family detached dwelling is an impermissible exercise of police power. We disagree. A municipality has the right to enact zoning ordinances and establish areas within which certain types of buildings may be constructed. *Village Of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926), *Appeal of Sawdey*, 169 Pa.Superior Ct. 214, 82 A.2d 713 (1951), *rev'd on other grounds*, 369 Pa. 19, 85 A.2d 28 (1951). The power to enact zoning laws is founded on constitutional principles of the police powers of government to promote the public health, morals, safety and general welfare. *Forks Township Board of Supervisors v. George Calantoni & Sons, Inc.*, 6 Pa.Commonwealth Ct. 521, 297 A.2d 164 (1972). However, restrictions placed on the use of private property by zoning ordinances must be reasonable. *Miller & Son Paving, Inc. v. Wrightstown Township*, 499 Pa. 80, 451 A.2d 1002 (1982). Before a court may declare a zoning ordinance unconstitutional, the challenging

party must clearly establish that the provisions are arbitrary and unreasonable and have no relation to the public health, safety, morals and general welfare. *Miller.*

Permitting only one (1) kitchen in a single family dwelling is a reasonable regulation which insures that a home in a residential neighborhood will house no more than one (1) family. Preserving the residential character of a neighborhood by restricting multiple family dwellings is a reasonable exercise of the police power. The challenged Ordinance Provision is reasonable to carry out the Community Development Objectives set forth in Section 103(B) of the Ordinance:

> The residential quality of Abington Township. The basic objective for Abington's residential neighborhoods is retention of a quality environment and the maintenance of values which reflect the interests of all the people of the Township. Basic principles for achieving this objective include: separation of significantly different use intensities and avoiding piecemeal zoning changes that result in changing existing neighborhoods in an unplanned and uncoordinated fashion.

In the instant case there was testimony that if a second kitchen were permitted, each side of the house would have a kitchen, bathrooms, three (3) bedrooms and a separate entrance. The Board properly concluded that "creating the second kitchen coupled with the internal layout, allows for a duplex use of the premises, whereas the area is zoned single family residential."

Finally, Appellant argues that there is no rational relationship between the limitation on one (1) kitchen per dwelling unit and the purpose of the Zoning Ordinance. Essentially, he argues that even if a second kitchen is not permitted, the same number of people will live in the house. Therefore, the effect on the residential area will be exactly the same, whether or not the Zarrinnias have two (2) kitchens. In support of this proposition, Appellant cites *Hopkins v. Zoning Hearing Board of Abington Township,* 55 Pa.Commonwealth Ct. 365, 423 A.2d 1082 (1980) where this court examined the definition of "family" set forth in Section 202 of the Ordi-

nance.[2] In *Hopkins* we held that "The purpose of the definition is clearly to preserve the area in question as a residential neighborhood where family values may prosper." *Id.* at 369, 423 A.2d at 1084. In *Hopkins*, the Board denied a variance to a husband and wife for use of their residence as a home for three (3) mentally retarded children. However, the Board made a finding that use of the property had not caused any problems in the area different from those caused by families with related children. The court held that the definition of family was unconstitutional as applied to the Hopkins family, because there was no rational relationship between the definition of family and the state interest in preserving the residential character of the neighborhood. In *Hopkins*, one (1) kitchen was used by five (5) people who lived and cooked together as a single housekeeping unit. This is quite different from the instant case where the Board determined that the layout of the house and the failure of the residents to live and cook together essentially created a two (2) family dwelling. Such a dwelling adversely affects the character of a neighborhood composed of single family dwellings. Restricting a dwelling unit to have only one kitchen is rationally related to the legitimate goal of insuring that only one (1) family resides in a dwelling unit. Accordingly, the Board's decision denying the requested variance was not based on unconstitutional statutory provisions.

For the foregoing reasons, the order of the trial court is affirmed.

### ORDER

AND NOW, March 28, 1994, the order of the Court of Common Pleas of Montgomery County, dated August 2, 1993 is affirmed.

2. We note that in the Statement of Questions Involved which is included in Appellant's brief, he does not raise the issue of the rational relationship between the definition of "family" and the purpose of the Ordinance. He raises only the issue of whether the Ordinance restricting a dwelling unit to only having one kitchen has any rational relationship to the Ordinance's purpose.